IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICKY FELICIANO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | NO. _____ |
| | ) | |
| VENTRON MANAGEMENT, LLC | ) | |
| and REVELATOR COMPANY, LLC | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

COMES NOW defendants Ventron Management, LLC ("Ventron") and Revelator Company, LLC ("Revelator") (collectively, "these defendants") and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of removal within the time prescribed by law, showing the Court as follows:

1.

On October 14, 2011, plaintiff filed a complaint against defendants in the State Court of Gwinnett County, Georgia, Civil Action No. 11C-08186-5. Ventron was served with the summons and complaint on October 25, 2011, and Revelator was served on October 21, 2011. Upon information and belief, DT Atlanta III, LLC ("DT Atlanta") was served on October 21, 2011. Adrian Johnson

("Johnson") has never been served. On June 25, 2012, plaintiff filed an amendment to the complaint. As explained below, neither the complaint nor the amended complaint contains sufficient allegations to establish diversity jurisdiction. As explained below, however, the dismissal of DT Atlanta and Johnson, as well as plaintiff's failure to respond to Ventron's requests for admission, unequivocally establish diversity jurisdiction.

2.

Gwinnett County is within the Atlanta Division of the Northern District of Georgia.

3.

True and correct copies of all process, pleadings, and orders that have been filed by these defendants and/or served by or on these defendants in connection with this action are attached hereto as Exhibit A, with the exception of (1) the parties' discovery requests and responses, which are being withheld at this time since Local Rule 5.4 provides that such documents should not be filed unless they are necessary for the Court to rule on a motion or for trial; and (2) the exhibits to plaintiff's motion to compel, which are being withheld at this time since (a) they consist of discovery requests and responses, as well as correspondence between counsel for the parties about the discovery responses, and (b) they are irrelevant

insofar as the State Court of Gwinnett County has already issued an order ruling on the motion.

4.

These defendants reasonably believed that this action was not initially removable because (1) the complaint alleges that Johnson was a citizen of Georgia; (2) the complaint does not sufficiently allege the citizenship of DT Atlanta; and (3) the complaint does not explicitly allege that plaintiff is entitled to recover a specific amount of damages.  As a result, these defendants did not have sufficient information to satisfy its burden of proving the elements of diversity jurisdiction by a preponderance of the evidence.  With the subsequent dismissal of Johnson and DT Atlanta, as explained below, their citizenship became irrelevant, but these defendants remained uncertain about the amount in controversy.  As discussed in further detail below, Ventron served requests for admission that specifically addressed the issue of the amount in controversy.  Plaintiff failed to serve responses to Ventron's requests by the deadline of August 6, 2012.  At that time, which was these defendants' first notice that all of the elements of diversity jurisdiction had been established, the case became removeable, thereby triggering these defendants' 30-day time for filing a notice of removal.  Because this action is a civil action between citizens of different states and the amount in controversy

exceeds $75,000, exclusive of interest and costs, the Court has original jurisdiction under 28 U.S.C. § 1332.

5.

On July 2, 2012, Ventron served requests for admission on plaintiff through his counsel of record.  Plaintiff had 30 days to serve his responses, plus an extra 3 days because Ventron served its requests by U.S. mail.  Thus, plaintiff's responses were due by August 6, 2012.  Plaintiff failed to serve his responses.  Under Georgia law, plaintiff's failure to serve his responses means that Ventron's requests are deemed admitted.  O.C.G.A. § 9-11-36(a)(2); *see also* FED. R. CIV. P. 36(a)(3).

6.

In its requests for admission, Ventron asked plaintiff to admit that he has been a citizen of Georgia continuously since April 29, 2011, which is the date of the incident at issue in this action.  By failing to respond to this request, plaintiff is deemed to have admitted that he has been a citizen of Georgia continuously since April 29, 2011.  In addition, plaintiff stated his responses to Ventron's interrogatories that his only residences during the last 10 years have been in Georgia.  Thus, for purposes of this removal, plaintiff has been a citizen of Georgia at all relevant times.

7.

In its requests for admission, Ventron asked plaintiff to admit that he has resided within the counties comprising the Northern District of Georgia continuously since April 29, 2011.  By failing to respond to this request, plaintiff is deemed to have admitted that he has resided within the counties comprising the Northern District of Georgia continuously since April 29, 2011.

8.

Ventron is, and was at the time the complaint was filed, a limited liability company organized and existing under the laws of Florida with its principal place of business in Florida.  Ventron has only one member, and that member is, and was at the time the complaint was filed, a citizen of Florida.  Thus, for purposes of this removal, Ventron has been a citizen of Florida at all relevant times.

9.

Revelator is, and was at the time the complaint was filed, a limited liability company organized and existing under the laws of Florida with its principal place of business in Florida.  None of the members of Revelator is, or was at the time the complaint was filed, a citizen of Georgia.  Thus, for purposes of this removal, Revelator has not been a citizen of Georgia at any time relevant to this case.

10.

These defendants do not know the citizenship of DT Atlanta. However, even if DT Atlanta were a citizen of Georgia, its citizenship should be disregarded because it was dismissed from this action by a December 14, 2011 order of the State Court of Gwinnett County. On December 12, 2011, DT Atlanta filed a motion to dismiss with plaintiff's consent. The motion states, in part, "In support of the within Motion, DT Atlanta III, LLC shows that Plaintiff acknowledges that said Defendant is not a proper party defendant, and has no objection to the within Motion." Copies of the motion and order are included in Exhibit A.

11.

These defendants do not know the citizenship of Johnson. However, even if Johnson were a citizen of Georgia, his citizenship should be disregarded because he was never served and was eventually dismissed by a May 18, 2012 order of the State Court of Gwinnett County for failure to prosecute. A copy of the order is included in Exhibit A.

12.

In its requests for admission, Ventron asked plaintiff to admit that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. By failing to respond to this request, plaintiff is

deemed to have admitted that the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs.

13.

Because plaintiff is a citizen of Georgia and neither of the remaining defendants (Ventron and Revelator) is a citizen of Georgia, there is complete diversity of citizenship. Further, the amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs, based on plaintiff's failure to serve responses to Ventron's requests for admission. Thus, the elements of diversity jurisdiction have been established.

14.

Plaintiff's failure to serve responses to Ventron's requests for admission by the deadline of August 6, 2012, was these defendants' first notice that all of the elements of diversity jurisdiction had been established. Thus, the case did not become removeable until August 7, 2012, which meant that these defendants have until September 6, 2012, to file a notice of removal. This notice is timely because (1) it is being filed before this 30-day deadline; and (2) it is being filed within 1 year after commencement of the action.

15.

These defendants hereby certify that they have given notice of filing of this notice to plaintiff and have filed a written notice with the Clerk of the State Court of Gwinnett County, Georgia, a copy of which is included in Exhibit A.

16.

The undersigned have read this notice, and to the best of their knowledge, information, and belief, formed after reasonable inquiry, it is well-grounded in fact; is warranted by existing law; and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

                FREEMAN MATHIS & GARY, LLP

                /s/ *Jacob E. Daly*
                Sun S. Choy
                Georgia Bar No. 025148
                schoy@fmglaw.com
                Jacob E. Daly
                Georgia Bar No. 203723
                jdaly@fmglaw.com

                Attorneys for Defendants
                Ventron Management, LLC
                and Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00130680.DOC

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system and that I have served the following attorneys of record by depositing a true and correct copy thereof in the United States mail, postage prepaid:

> Aaron P. Marks, Esq.
> MARKS LAW GROUP, LLC
> 103 W. Dearborn Circle
> Decatur, GA 30030-4474

This 5th day of September, 2012.

/s/ *Jacob E. Daly*
Jacob E. Daly
Georgia Bar No. 203723
jdaly@fmglaw.com

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)