# EXHIBIT A

|  |  |  |
|---|---|---|
| RICKY FELICIANO | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | FILE NO.: |
| VENTRON MANAGEMENT, LLC, | ) | |
| | ) | |
| DT ATLANTA III, LLC, | ) | 11C-08186-5 |
| | ) | |
| REVELATOR COMPANY, LLC, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ADRIAN JOHNSON, | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Ricky Feliciano (hereinafter "Plaintiff") and hereby files their Complaint for Damages against the above named Defendants and in furtherance thereof shows this Honorable Court the following:

1.

Defendant Ventron Management, LLC, ("Ventron") is a foreign corporation authorized to transact and conduct business in the State of Georgia. Defendant Ventron may be served with Summons and process of this action by and through its duly authorized registered agent, Mark Stewart, 2200 Sullivan Road, College Park, Georgia.

2.

The incident giving rise to this Complaint for Damages occurred in Gwinnett County, Georgia. Defendant Ventron transacts and conducts business in Gwinnett County, Georgia. Defendant Ventron is subject to the jurisdiction and venue of this court pursuant to O.C.G.A. § 14-2-510 and all other applicable provisions of Georgia law.

3.

Defendant DT Atlanta III, LLC, ("DT Atlanta") is a foreign corporation authorized to transact and conduct business in the State of Georgia. Defendant DT Atlanta may be served with Summons and process of this action by and through its duly authorized registered agent, Douglas Foppe, 5425 Peachtree Parkway, Norcross, Georgia.

4.

The incident giving rise to this Complaint for Damages occurred in Gwinnett County, Georgia. Defendant DT Atlanta transacts and conducts business in

Gwinnett County, Georgia. Defendant DT Atlanta is subject to the jurisdiction and venue of this court pursuant to O.C.G.A. § 14-2-510 and all other applicable provisions of Georgia law.

5.

Defendant Revelator Company, LLC, ("Revelator") is a foreign corporation authorized to transact and conduct business in the State of Georgia. Defendant Revelator may be served with Summons and process of this action by and through its duly authorized registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia.

6.

The incident giving rise to this Complaint for Damages occurred in Gwinnett County, Georgia. Defendant Revelator transacts and conducts business in Gwinnett County, Georgia. Defendant Revelator is subject to the jurisdiction and venue of this court pursuant to O.C.G.A. § 14-2-510 and all other applicable provisions of Georgia law.

7.

Defendant Adrian Johnson (hereinafter "Johnson") was an employee or agent of Defendants on April 29, 2011. Johnson was acting in the scope of employment or scope or authority for Defendants on or about April 29, 2011 when

Plaintiff entered The Retreat at Arc Way located at 4025 Northridge Way, Norcross, Georgia.

8.

This court has personal jurisdiction over Defendant, and Venue is correct, as Defendant Johnson currently resides in Gwinnett County and may be served at 4025 Northridge Way, Apartment 43-4, Norcross, Georgia.

9.

Service and service of process are proper as to Johnson.

10.

On April 29, 2011, Ricky Feliciano entered The Retreat at Arc Way. Mr. Feliciano was visiting his sister, Edith, to enjoy dinner and celebrate Mother's Day. While Mr. Feliciano was outside preparing the grill to use for cooking Defendant Johnson approached and rudely told him to move the grill "away from the complex." Mr. Feliciano immediately complied with Defendant's demand.

11.

Approximately thirty minutes later Defendant Johnson returned, yelling and cursing at Mr. Feliciano, stating that the grill was "too close" to the complex. Mr. Feliciano stated that he couldn't move the grill into the parking lot because it would interfere with tenants parking their vehicles. Defendant Johnson continued to yell and curse at Mr. Feliciano. Eventually another guest offered to move the

grill, at which point Defendant Johnson left and Mr. Feliciano stated that he "didn't want any trouble."

12.

Approximately fifteen minutes later Defendant Johnson returned with three men whose names are unknown. Together with these men Defendant Johnson grabbed Mr. Feliciano from behind and proceeded to physically assault him, including but not limited to kicking, punching, and jumping on him. As Mr. Feliciano was assaulted bystanders screamed for Defendant Johnson to leave and to stop hurting him. Eventually Defendant Johnson and his three accomplices fled, running from the scene. Mr. Feliciano then called the police and cooperated with their investigation. Various witnesses came forward to corroborate Mr. Feliciano's statements.

13.

Defendant Johnson and his three accomplices fled the scene before the investigating police officer arrived.

14.

Mr. Feliciano, being unable to drive himself, was driven to the Gwinnett Medical Center, where he underwent medical treatment for his injuries.

15.

As a result of the attacks, Mr. Feliciano has had to endure numerous medical treatments.

## COUNT I – ASSAULT

16.

Paragraphs 1 through 15 are incorporated herein fully as if each count were restated in full.

17.

As a direct and proximate result of the above-mentioned acts, Plaintiff suffered general and special damages.

## COUNT II – BATTERY

18.

Defendant committed a battery upon Plaintiff by intentionally causing severe physical harm to Plaintiff.

19.

Defendant battered Plaintiff by forcefully hitting and striking him violently.

20.

As a direct and proximate result of the above-mentioned acts, Plaintiff suffered general and special damages.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21.

Paragraphs 1 through 20 are incorporated herein fully as if each count were restated in full.

22.

Defendant intentionally inflicted emotional distress upon Plaintiff by beating and assaulting Mr. Feliciano in front of his friends and family.

**DAMAGES**

Paragraphs 1 through 22 are incorporated herein fully as if each count were restated in full.

23.

As a direct and proximate result of Defendant's negligent and/or reckless and intentional conduct, as described above, Plaintiff has incurred medical bills for his care and treatment, suffered mental and emotional pain and suffering, endured physical pain and suffering, and upon information and belief, will suffer and incur some or all of these damages in the future.

**COUNT IV - PUNITIVE DAMAGES AGAINST DEFENDANTS**

24.

Paragraphs 1 through 23 are incorporated herein fully as if each count were restated in full.

25.

As a direct and proximate result of Defendant's above-mentioned intentional, willful, wanton and reckless conduct, Plaintiff has incurred medical bills for his care and treatment, suffered mental and emotional pain and suffering, endured physical pain and suffering and upon information and belief, will suffer and incur some or all of these damages in the future.

23.

The actions of the Defendant in deliberately and intentionally committing a violent physical injury upon the Plaintiff during the events described above authorize the imposition of punitive damages, pursuant to the provision of O.C.G.A. § 51-12-5.1, in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of a conscious indifference to consequences.

24.

Plaintiff seeks to recover punitive damages pursuant to O.C.G.A. § 51-12-5.1 in such an amount as the jury determines to be just and appropriate to fully and completely deter Defendant from committing the tortuous acts and omissions complained of in this Complaint.

25.

Defendants willfully, wantonly, knowingly, and with specific intent to cause harm, as that term is defined in the law, caused multiple injuries to Plaintiff and

therefore there should be no cap or limitation on the amount of punitive damages awarded in this case.

## COUNT V – ATTORNEY FEES

### 26.

Paragraphs 1 through 25 are incorporated herein fully as if each count were restated in full.

### 27.

Defendants' willful misconduct constitutes "bad faith" sufficient to award attorney's fees under O.C.G.A. § 13-6-11, and Plaintiff is entitled to recover from Defendants all expenses of litigation, including reasonable attorney's fees incurred in brining this action.

### 28.

Defendants Ventron, DT Atlanta, Revelator negligently failed to properly train and/or supervise Defendant Johnson to safely, properly and professionally execute his duties and obligations to Plaintiff.

### 29.

Defendants Ventron, DT Atlanta, Revelator negligently retained Defendant Johnson and other employees when they knew or should have known that such employees were not qualified to perform their duties which caused or contributed to the incident at issue.

30.

Although the Defendant Ventron, DT Atlanta, Revelator knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to Plaintiff, they negligently failed to take reasonable precautions to guard against the dangerous behavior of Defendant Johnson and failed to protect Plaintiff.

31.

Defendants are jointly and severally liable to Plaintiff for all damages proximately caused by the assault and battery set forth within this Complaint.

**WHEREFORE**, Plaintiff prays for a judgment to be awarded to them and against the Defendants for the following:

a)      For medical and doctor expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b) That punitive damages be imposed against the Defendants in an amount as a jury is certain will be sufficient to deter Defendants from repeating his wrong-doing;

c)      For lost wages and loss of earning capacity in an amount for the past, present and future which will be proven at the time of trial through the evidence;

d)    For travel expenses for seeking medical treatment in an amount for the past, present, and future which will be proven at the time of trial through the evidence;

e)    For pain and suffering, both for the past, present and future on behalf of Plaintiff;

f)    For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

g)    For incidental and consequential damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

h)    That a jury be impaneled to resolve all issue, including compensatory damages and factual disputes; and

i)    For all further losses and recovery as deemed proper by the Court.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectively submitted this 8th day of September, 2011.

AARON P. MARKS
State Bar of Georgia #558116

Marks Law Group, LLC
103 W. Dearborn Circle

Decatur, Georgia 30030-4474
(404) 939-1485
Attorney for Plaintiff

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| RICKY FELICIANO | PLAINTIFF |
| VENTRON MANAGEMENT, LLC, DT ATLANTA III, LLC, REVELATOR COMPANY, LLC AND ADRIAN JOHNSON | DEFENDANTS |

COPY OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2011 OCT 28  PM 2: 55

TOM LAWLER, CLERK

ATTORNEY:   AARON MARKS, ESQ.
103 W. DEARBORN CIRCLE
DECATUR, GEORGIA 30030

Civil Action Number:

**11-C-08186**

| AFFIDAVIT OF SERVICE | Court Date: | Court Time: |
|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action and I served the following document:

**SUMMONS AND COMPLAINT**

| | | | |
|---|---|---|---|
| 2. *Person Served:* | MARK STEWART | Date Served: | 10/25/2011 |
| *Entity Served:* | VENTRON MANAGEMENT, LLC | Time Served: | 2:24 PM |
| *Service Address:* | 2210 SULLIVAN ROAD COLLEGE PARK, GEORGIA 30337 | | |

3. I served the person or entity in item 2 with the service documents by:

PLACING THE SERVICE DOCUMENTS INTO THE HANDS OF MARK STEWART, THE REPORTED REGISTERED AGENT FOR VENTRON MANAGEMENT, LLC.

4. *Agent Who Served Documents:*

*J. BASHAM/Agent of Dial Services*
*3520 STONEY CREEK WAY*
*LOGANVILLE, GEORGIA 30052*

*I Declare under penalty of perjury under the laws of the State of Georgia that the statements above are true and accurate.*

_____ (Signature)

5. Sworn to and subscribed before me this 26th day of October, 2011.

_____
Notary Seal
Notary Public
My Commission Expires: 2/19/15

PATTY RAMSEY
NOTARY PUBLIC
WALTON COUNTY, GEORGIA

### IN THE STATE COURT OF GWINNETT COUNTY
### STATE OF GEORGIA

RICKY FELICIANO

CIVIL ACTION
NUMBER   **11-C-08186-S5**

PLAINTIFF

VS.

VENTRON MANAGEMENT LLC
DT ATLANTA III LLC
REVELATOR CO LLC
ADRIAN JOHNSON

RECEIVED OCT 25 2011

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of Said Court and serve upon the Plaintiff's attorney, whose name and address is:

AARON P MARKS
103 W DEARBORN CIRCLE
MARKS LAW GROUP LLC
DECATUR, GA  30030

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This 14th day of October, 2011.

Tom Lawler
Clerk of State Court

By: _____
Deputy Clerk

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.
SC-1 Rev. 85

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )        CIVIL ACTION
                                          )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;                  )
DT ATLANTA III, LLC; REVELATOR            )
COMPANY, LLC; and ADRIAN                  )
JOHNSON,                                  )
                                          )
                    Defendants.           )

## ANSWER AND DEFENSES OF DEFENDANTS
## VENTRON MANAGEMENT, LLC AND REVELATOR
## COMPANY, LLC TO PLAINTIFF'S COMPLAINT

COME NOW defendants Ventron Management, LLC and Revelator

Company, LLC and submit their answer and defenses to plaintiff's complaint,

showing the Court as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against Ventron and Revelator

upon which relief can be granted.

## SECOND DEFENSE

In response to the numbered paragraphs of plaintiff's complaint, Ventron and Revelator answer as follows:

1.

Ventron and Revelator admit the allegations contained in paragraph 1 of plaintiff's complaint.

2.

Ventron and Revelator admit the allegations contained in paragraph 2 of plaintiff's complaint.

3.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 3 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

4.

Responding to the allegations contained in paragraph 4 of plaintiff's complaint, Ventron and Revelator admit that the incident described in plaintiff's complaint allegedly occurred in Gwinnett County.  Ventron and Revelator can neither admit nor deny the remaining allegations contained in paragraph 4 of

plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

5.

Ventron and Revelator admit the allegations contained in paragraph 5 of plaintiff's complaint.

6.

Ventron and Revelator admit the allegations contained in paragraph 6 of plaintiff's complaint.

7.

Ventron and Revelator deny the allegations contained in paragraph 7 of plaintiff's complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 7 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

8.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 8 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

- 3 -

9.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 9 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

10.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 10 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

11.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 11 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

12.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 12 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

13.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 13 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

14.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 14 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

15.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 15 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO COUNT I – ASSAULT

16.

Ventron and Revelator incorporate their responses to paragraphs 1-15 of plaintiff's complaint as if fully set forth herein.

17.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 17 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO COUNT II – BATTERY

18.

Ventron and Revelator deny the allegations contained in paragraph 18 of plaintiff's complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 18 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

19.

Ventron and Revelator deny the allegations contained in paragraph 19 of plaintiff's complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 19 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

20.

Ventron and Revelator can neither admit nor deny the allegations contained in paragraph 20 of plaintiff's complaint for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21.

Ventron and Revelator incorporate their responses to paragraphs 1-20 of plaintiff's complaint as if fully set forth herein.

22.

Ventron and Revelator deny the allegations contained in paragraph 22 of plaintiff's complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 22 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO DAMAGES

Responding to the unnumbered paragraph immediately preceding paragraph 23 of plaintiff's complaint, Ventron and Revelator incorporate their responses to paragraphs 1-22 of plaintiff's complaint as if fully set forth herein.

23.

Ventron and Revelator deny the allegations contained in paragraph 23 of plaintiff's complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 23 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANTS

24.

Ventron and Revelator incorporate their responses to paragraphs 1-23 of plaintiff's complaint as if fully set forth herein.

25.

Ventron and Revelator deny the allegations contained in paragraph 25 of plaintiff's complaint insofar as those allegations are directed at them.  Insofar as the allegations contained in paragraph 25 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

23.[1]

Ventron and Revelator deny the allegations contained in paragraph 23 of plaintiff's complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 23 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

24.

Responding to the allegations contained in paragraph 24 of plaintiff's complaint, Ventron and Revelator admit that plaintiff is seeking punitive damages but deny that plaintiff is entitled to recover punitive damages from them. Insofar as the allegations contained in paragraph 24 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

---

[1]   Plaintiff's complaint incorrectly repeats paragraph numbers 23-25 following paragraph 25.

25.

Ventron and Revelator deny the allegations contained in paragraph 25 of plaintiff's complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 25 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

## ANSWER TO COUNT V – ATTORNEY FEES

26.

Ventron and Revelator incorporate their responses to paragraphs 1-25 of plaintiff's complaint as if fully set forth herein.

27.

Ventron and Revelator deny the allegations contained in paragraph 27 of plaintiff's complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 27 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

28.

Ventron and Revelator deny the allegations contained in paragraph 28 of plaintiff's complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 28 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

29.

Ventron and Revelator deny the allegations contained in paragraph 29 of plaintiff's complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 29 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

30.

Ventron and Revelator deny the allegations contained in paragraph 30 of plaintiff's complaint insofar as those allegations are directed at them. Insofar as the allegations contained in paragraph 30 of plaintiff's complaint are directed at any other defendant, Ventron and Revelator can neither admit nor deny those

allegations for want of sufficient information to form a belief as to the truth thereof, and put plaintiff upon strict proof of the same.

31.

Ventron and Revelator deny the allegations contained in paragraph 31 of plaintiff's complaint.

32.

Responding to the unnumbered paragraph immediately following paragraph 31 of plaintiff's complaint, which begins "WHEREFORE" and includes subparagraphs (a) through (i), Ventron and Revelator deny that they are liable to plaintiff or that plaintiff is entitled to any relief from them under any theory at law or in equity.

33.

Except as expressly admitted, denied, or otherwise responded to, Ventron and Revelator deny all other allegations contained in plaintiff's complaint.

## THIRD DEFENSE

Venue may be inconvenient as to Ventron.

## FOURTH DEFENSE

Ventron and Revelator did not breach any legal duty they may have owed to plaintiff.

## FIFTH DEFENSE

No act or omission of Ventron and/or Revelator either proximately caused or contributed to any injuries or damages allegedly incurred by plaintiff; therefore, plaintiff has no right of recovery against Ventron and/or Revelator.

## SIXTH DEFENSE

Any injuries or damages sustained by plaintiff were the sole, direct, and proximate result of the conduct of others, and no alleged act or omission by Ventron and/or Revelator in any way caused or contributed to the incident described in the complaint.

## SEVENTH DEFENSE

The alleged injuries and damages sustained by plaintiff resulted solely from the voluntary and intentional conduct of plaintiff and not from any conduct of Ventron and/or Revelator.

## EIGHTH DEFENSE

Plaintiff's alleged injuries and damages were solely and proximately caused by the unforeseeable, deliberate, and intervening criminal conduct of others for which Ventron and/or Revelator are not liable.

## NINTH DEFENSE

Ventron and Revelator cannot be liable on a theory of vicarious liability for any actions involving plaintiff in which they did not directly participate, of which they had no knowledge, or for which their alleged employee was not acting within the course and scope of his alleged employment.

## TENTH DEFENSE

Plaintiff's complaint fails to state a claim for punitive damages.   Even if plaintiff's complaint states a claim for punitive damages, such damages are capped at $250,000.

## ELEVENTH DEFENSE

The imposition of punitive damages against Ventron and/or Revelator would violate their rights under the Due Process Clauses of the Fourteenth Amendment to the United States Constitution and the Georgia Constitution.

## TWELFTH DEFENSE

The statutes of the State of Georgia that authorize the imposition of punitive damages are contrary, by their express terms and as applied to Ventron and Revelator in this lawsuit, to the United States and Georgia Constitutions, and the imposition of punitive damages against Ventron and/or Revelator in this lawsuit is therefore barred inasmuch as the statutes allow for deprivations of property without

due process of law, violate the equal protection of the laws by providing fewer protections for civil litigants than the criminal statutes that provide for the imposition of monetary fines, and impose an excessive fine.

<u>THIRTEENTH DEFENSE</u>

To the extent as may be shown by the evidence through discovery, Ventron and Revelator assert the defenses of assumption of the risk, contributory and/or comparative negligence, failure of plaintiff to exercise ordinary care for his safety, failure to avoid consequences, failure to mitigate damages, accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, last clear chance, license, payment, release, res judicata, statute of frauds, statute of limitations, sudden emergency, and waiver.

<u>FOURTEENTH DEFENSE</u>

Ventron and Revelator reserve the right to plead and prove such other defenses as may become known to them during the course of their investigation and discovery.

WHEREFORE, having fully listed their defenses and having fully answered the complaint, Ventron and Revelator pray as follows:

(a)     That judgment be entered in favor of Ventron and Revelator and against plaintiff on the complaint;

(b)     That the costs of this action, including attorney fees, be cast against plaintiff; and

(c)     That the Court grant such other and further relief as it may deem just and proper.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148

Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants
Ventron Management, LLC and
Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00067311.DOC

**DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC DEMAND A TRIAL BY JURY OF TWELVE AS TO ANY AND ALL ISSUES SO TRIABLE**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **ANSWER AND DEFENSES OF DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PLAINTIFF'S COMPLAINT** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

Kenneth I. Sokolov, Esq.
SMITH WHITE
SHARMA & HALPERN
1126 Ponce de Leon Avenue, N.E.
Atlanta, GA 30306

This 21st day of November, 2011.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                          )
                                          )
          Plaintiff,                      )
                                          )
v.                                        )        CIVIL ACTION
                                          )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;                  )
DT ATLANTA III, LLC; REVELATOR            )
COMPANY, LLC; and ADRIAN                  )
JOHNSON,                                  )
                                          )
          Defendants.                     )

*FILED IN OFFICE CLERK STATE COURT GWINNETT COUNTY, GA 2011 NOV 21 PM 4: 23 TOM LAWLER, CLERK*

## DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC'S DEMAND FOR TRIAL BY JURY OF TWELVE

COME NOW defendants Ventron Management, LLC and Revelator Company, LLC and, pursuant to O.C.G.A. § 15-12-122(a)(2), demand that plaintiff's claims be tried by a jury of twelve. Based on the allegations in the complaint, plaintiff is seeking in excess of $25,000 in damages.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants
Ventron Management, LLC and
Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00067389.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC'S DEMAND FOR TRIAL BY JURY OF TWELVE** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

Kenneth I. Sokolov, Esq.
SMITH WHITE
SHARMA & HALPERN
1126 Ponce de Leon Avenue, N.E.
Atlanta, GA 30306

This 21st day of November, 2011.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        CIVIL ACTION
                                    )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;            )
DT ATLANTA III, LLC; REVELATOR      )
COMPANY, LLC; and ADRIAN            )
JOHNSON,                            )
                                    )
            Defendants.             )

## DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC'S NOTICE OF FAULT OF NON-PARTIES

COME NOW defendants Ventron Management, LLC and Revelator Company, LLC and, pursuant to O.C.G.A. § 51-12-33, notify the Court and the parties that the three unidentified accomplices who allegedly participated in the incident involving plaintiff (*see* Compl. ¶¶ 12-13) may be wholly or partially at fault in connection with plaintiff's alleged injuries and damages.

The last known addresses of these three unidentified accomplices are unknown, as are their identities. The bases for Ventron's and Revelator's belief that these three unidentified accomplices may be at fault are that (1) these people owed plaintiff a legal duty not to assault, batter, and otherwise injure him; (2) these

people breached this legal duty; and (3) plaintiff's alleged injuries and damages were proximately caused, at least in part, by these people's negligent or intentional acts over which Ventron and Revelator had no control.

This notice is given more than 120 days prior to the date of the trial of this action, and for purposes of having the jury in the trial of this action consider the negligence or fault of the three unidentified accomplices who allegedly participated in the incident involving plaintiff.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants
Ventron Management, LLC and
Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00067392.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC'S NOTICE OF FAULT OF NON-PARTIES** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

Kenneth I. Sokolov, Esq.
SMITH WHITE
SHARMA & HALPERN
1126 Ponce de Leon Avenue, N.E.
Atlanta, GA 30306

This 21st day of November, 2011.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

11 DEC 12  PM 2: 30

TOM LAWLER, CLERK

RICKY FELICIANO,                          :

    Plaintiff,                          :

                                 :      CIVIL ACTION FILE NO.

    vs.                                :

                                   :      11C-08186-5

VENTRON MANAGEMENT, LLC;                   :
DT ATLANTA III, LLC;                       :
RELEVATOR COMPANY, LLC;                    :
ADRIAN JOHNSON;                            :
                                   :

    Defendants.                        :

## DT ATLANTA III, LLC'S
## UNOPPOSED MOTION TO DISMISS COMPLAINT

COMES NOW DT Atlanta III, LLC, named as Defendant in the above-referenced civil action,  and pursuant to O.C.G.A. § 9-11-12,  hereby files this Motion To Dismiss Plaintiff's Complaint against this Defendant.

In support of the within Motion, DT Atlanta III, LLC shows that Plaintiff acknowledges that said Defendant is not a proper party defendant, and has no opposition to the within Motion.

Consented and agreed to this 1st day of December, 2011.

Kenneth I. Sokolov, Esq.
Georgia Bar # 666460
Kenneth I. Sokolov, P.C.
1126 Ponce de Leon Avenue N.E.
Atlanta, Georgia 30306
404.872.7086  Tel
404.892.1128  Fax
ksokolov@law-in-atlanta.com
Attorneys For Defendant:
DT Atlanta III, LLC

Page 1

No Opposition To The Foregoing:

_Aaron Marks_
With Express Written Permission/KIS

Aaron P. Marks, Esq.
Georgia Bar # 558116
Marks Law Group, LLC
103 W. Dearborn Circle
Decatur, GA 30030.4474
404.939.1485 Tel
404.581.5902 Fax
aaron@markslawgroup.com
Attorney For Plaintiff:
Ricky Feliciano

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the following individual(s) with the Foregoing

DT Atlanta III, LLC's Unopposed Motion To Dismiss Complaint via depositing a copy via email

and addressed as follows:

Aaron P. Marks, Esq.
Marks Law Group, LLC
103 W. Dearborn Circle
Decatur, GA 30030.4474

This 1st day of December, 2011.

Kenneth I. Sokolov

No Opposition To The Foregoing:

Aaron P. Marks, Esq.
Georgia Bar # 558116
Marks Law Group, LLC
103 W. Dearborn Circle
Decatur, GA 30030.4474
404.939.1485 Tel
404.581.5902 Fax
aaron@markslawgroup.com

Attorney For Plaintiff:
Ricky Feliciano

## CERTIFICATE OF SERVICE

This is to certify that I have this date served the following individual(s) with the Foregoing

Order Granting DT Atlanta III, LLC's Unopposed Motion To Dismiss Complaint via depositing a

copy via email and addressed as follows:

Aaron P. Marks, Esq.
Marks Law Group, LLC
103 W. Dearborn Circle
Decatur, GA 30030.4474

This _____ day of December, 2011.

_____
Kenneth I. Sokolov

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

11 DEC 14  AM 11: 05

TOM LAWLER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                            :
                                            :
        Plaintiff,                          :
                                            :         CIVIL ACTION FILE NO.
    vs.                                     :
                                            :         11C-08186-5
VENTRON MANAGEMENT, LLC;                    :
DT ATLANTA III, LLC;                        :
RELEVATOR COMPANY, LLC;                     :
ADRIAN JOHNSON;                             :
                                            :
        Defendants.                         :

### ORDER GRANTING DT ATLANTA III, LLC'S
### UNOPPOSED MOTION TO DISMISS COMPLAINT

DT Atlanta III, LLC's Unopposed Motion to Dismiss Complaint against said Defendant

having come regularly before me, and good cause appearing for the granting of said Motion, it is

hereby Ordered that DT Atlanta III, LLC is hereby dismissed and discharged from the within action.

SO ORDERED this 13 day of _____, 2011.

_____
Judge, State Court of Gwinnett County, Georgia

Presented By:

Kenneth I. Sokolov, Esq.
Georgia Bar # 666460
Kenneth I. Sokolov, P.C.
1126 Ponce de Leon Avenue N.E.
Atlanta, Georgia 30306
404.872.7086 Tel / 404.892.1128  Fax
ksokolov@law-in-atlanta.com

Attorneys For Defendant:
DT Atlanta III, LLC



IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

## <u>CIVIL NO SERVICE CALENDAR</u>

MAY 15, 2012- 1:30 P.M.

JUDGE PAMELA D. SOUTH

COURTROOM 2F

There being no proof of service filed in this case, THE CASE WILL BE <u>DISMISSED</u> unless Counsel for Plaintiff supplies the Court sufficient information to perfect service **prior to the call of this case** on May 15, 2012.

**\*\* If Plaintiff requests additional time to perfect service, it is not necessary to call our office and request a continuance.  PLEASE SUBMIT THE ATTACHED CONTINUANCE ORDER for filing at least 3 days prior to the call of the calendar.\*\* Orders may be faxed or e-mailed to Carrie Kennedy.**

ALL DISMISSALS, RENEWED ATTEMPTS TO SERVE, REQUESTS FOR SPECIAL AGENTS, ETC., SHOULD BE PRESENTED IN WRITING, AT OR PRIOR TO THE CALL OF THE CALENDAR.

**FOR ASSISTANCE, PLEASE CONTACT
CARRIE KENNEDY, JUDICIAL CALENDAR COORDINATOR
75 LANGLEY DRIVE, LAWRENCEVILLE, GEORGIA 30046
Phone:  (770) 822-8555 or Fax: (770) 822-8513**

<u>carrie.kennedy@gwinnettcounty.com</u>

THIS CALENDAR APPROVED AND ORDERED PUBLISHED, this 17th day of April, 2012.

_____
PAMELA D. SOUTH, Judge
State Court of Gwinnett County

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO. |
| | ) | |
| vs | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

<u>CONTINUANCE ORDER - FINAL CONTINUANCE</u>

The Plaintiff having requested additional time to serve the Defendant with the

above-styled Complaint, the Court hereby continues the above-styled case from the <u>May 15,</u>

<u>2012</u> Civil No Service Calendar for a period of 90 days. **This case will not appear on a future**

**No Service Calendar.**

If the Plaintiff has not filed proof of service of the Defendant on or before

<u>August 15, 2012</u>, the above-styled case will be dismissed by the Court for want of prosecution.

SO ORDERED, this _____ day of _____, 2012.


_____
Pamela D. South, Judge
State Court of Gwinnett County

Copies to: Parties and/OR Counsel of Record

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

CALENDAR

**JUDGE PAMELA D. SOUTH**
CIVIL NO SERVICE CALENDAR

5/15/2012

| Scheduled Event Details | | | Filing Date |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 11-C-08106-S5 | **RIVERSIDE WALK HOA VS MCCALL ET AL** | | 10/12/2011 |
| 1:30 pm   # 1 | NO SERVICE CALENDAR | Room 2F | |

AS TO TERRY BEATY - ONLY.  DEF SERVED 2/13/12 IN ROCKDALE COUNTY.
NEED ORIGINAL SHERIFF'S ENTRY THAT WAS EMAILED ON 3/8/12.

CONTRACT

| | |
|---|---|
| RIVERSIDE WALK HOMEOWNERS | Plaintiff |
| STACEY  MCCALL | Defendant |
| TERRY  BEATY | Defendant |
| SHANNON  PIERCE | AKA/DBA/OBO/FKA/Defendant |
| HAZEL B ROBERTS | AKA/DBA/OBO/FKA/Defendant |
| KAREN SMILEY FOCIA | Attorney for Plaintiff    404-350-1192 |

| | | | |
|---|---|---|---|
| 11-C-08169-S5 | **REGIONS BANK VS KILKENNY WATERFRONT PROPERTIES ET AL** | | 10/13/2011 |
| 1:30 pm   # 2 | NO SERVICE CALENDAR | Room 2F | |

AS TO ADVOCATE INVESTMENTS, LLC -ONLY

CONTRACT

| | | |
|---|---|---|
| REGIONS BANK | Plaintiff | |
| KILKENNY WATERFRONT PROPERTIES LLC | Defendant | |
| REDBIRD CREEK LLC | Defendant | |
| ADVOCATE INVESTMENTS LLC | Defendant | |
| FOUNTAINHEAD DEVELOPMENT LLC | Defendant | |
| MARK A ROGERS | Attorney for Plaintiff | 404-872-7000 |
| JAMES E CONNELLY | Attorney for Plaintiff | 404-872-7000 |
| SIMON H BLOOM | Attorney for Defendant | 404-577-7710 |
| STEPHANIE A EVERETT | Attorney for Defendant | 404-577-7710 |
| CHRISTIAN B TURNER | Attorney for Defendant | 404-577-7710 |

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

**CALENDAR**

**JUDGE PAMELA D. SOUTH**
**CIVIL NO SERVICE CALENDAR**

**5/15/2012**

| Scheduled Event Details | | Filing Date |
|---|---|---|

**11-C-08186-S5**       FELICIANO VS VENTRON MANAGEMENT ET AL      10/14/2011

| 1:30 pm | # 3 | NO SERVICE CALENDAR | Room 2F |
|---|---|---|---|

AS TO ADRIAN JOHNSON - ONLY

TORT

| | |
|---|---|
| RICKY  FELICIANO | Plaintiff |
| VENTRON MANAGEMENT LLC | Defendant |
| REVELATOR CO LLC | Defendant |
| ADRIAN  JOHNSON | Defendant |
| AARON P MARKS | Attorney for Plaintiff | 404-939-1485 |
| KENNETH I SOKOLOV | Attorney for Defendant | 404-872-7086 |
| SUN S CHOY | Attorney for Defendant | 770-818-0000 |
| JACOB E DALY | Attorney for Defendant | 770-818-0000 |

**12-C-00199-S5**       AMERICAN EXPRESS CENTURION VS HANCERI      1/12/2012

| 1:30 pm | # 4 | NO SERVICE CALENDAR | Room 2F |
|---|---|---|---|

ACCOUNT

| | |
|---|---|
| AMERICAN EXPRESS CENTURION BANK | Plaintiff |
| DANIEL  HANCERI | Defendant |
| GERALD E MOORE | Attorney for Plaintiff | 770-937-3071 |
| JOHN M DUFFOO | Attorney for Plaintiff | 770-937-3071 |

**12-C-00215-S5**       WELLS FARGO BANK VS KELLY      1/13/2012

| 1:30 pm | # 5 | NO SERVICE CALENDAR | Room 2F |
|---|---|---|---|

CONTRACT

| | |
|---|---|
| WELLS FARGO BANK NA | Plaintiff |
| WACHOVIA MORTGAGE CORP | AKA/DBA/OBO/FKA/Plaintiff |
| PATRICK  KELLY | Defendant |
| CHARLES T DAY III | Attorney for Plaintiff | 678-990-9676 |

GWINNETT JUDICIAL CIRCUIT
STATE COURT CIVIL DIVISION

**CALENDAR**

JUDGE PAMELA D. SOUTH
CIVIL NO SERVICE CALENDAR

**5/15/2012**

| Scheduled Event Details | | Filing Date |
|---|---|---|

---

**12-C-00253-S5**   PORTFOLIO RECOVERY ASSOCIATES VS STIDHAM ET AL   1/17/2012

| 1:30 pm | # 6 | NO SERVICE CALENDAR | Room 2F |
|---|---|---|---|

ACCOUNT

| PORTFOLIO RECOVERY ASSOCIATES | Plaintiff | |
| HSBC BANK NEVADA NAGM | AKA/DBA/OBO/FKA/Plaintiff | |
| JEFF D STIDHAM | Defendant | |
| WANDA N STIDHAM | Defendant | |
| CLAYTON D MOSELEY | Attorney for Plaintiff | 770-988-9055 |

---

**12-C-00260-S5**   ASSET ACCEPTANCE LLC VS SMITH   1/17/2012

| 1:30 pm | # 7 | NO SERVICE CALENDAR | Room 2F |
|---|---|---|---|

CONTRACT

| ASSET ACCEPTANCE LLC | Plaintiff | |
| CITIBANK | AKA/DBA/OBO/FKA/Plaintiff | |
| DELILAH  SMITH | Defendant | |
| DELILAH  WHITESMITH | AKA/DBA/OBO/FKA/Defendant | |
| EMMETT L GOODMAN JR | Attorney for Plaintiff | 478-745-5415 |
| DANIEL  WILDER | Attorney for Plaintiff | 478-745-5415 |
| BRIAN LEE CAUSEY | Attorney for Plaintiff | 478-745-5415 |
| M KYLE FLOYD | Attorney for Plaintiff | 478-745-5415 |

---

**12-C-00266-S5**   HILL STREET LOFTS VS GRIFF   1/17/2012

| 1:30 pm | # 8 | NO SERVICE CALENDAR | Room 2F |
|---|---|---|---|

CONTRACT

| HILL STREET LOFTS CONDOMINIUM | Plaintiff | |
| JOHN  GRIFF | Defendant | |
| G LANIER COULTER JR | Attorney for Plaintiff | 404-687-9977 |

---

GWINNETT JUDICIAL CIRCUIT
STATE COURT CIVIL DIVISION

| CALENDAR |

JUDGE PAMELA D. SOUTH
CIVIL NO SERVICE CALENDAR

| 5/15/2012 |

| Scheduled Event Details | | | Filing Date |
|---|---|---|---|

---

**12-C-00272-S5** | EYE CARE LAWN VS FREESE | | 1/17/2012
| 1:30 pm | # 9 | NO SERVICE CALENDAR | Room 2F |

ACCOUNT

| EYE CARE LAWN SERVICE LLC | Plaintiff |
| HARRY FREESE | Defendant |
| CHRISTINE M STADLER | Attorney for Plaintiff | 404-549-9313 |

---

**12-C-00291-S5** | AMERICAN HONDA FINANCE VS WIMBLY | | 1/18/2012
| 1:30 pm | # 10 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| AMERICAN HONDA FINANCE CORP | Plaintiff |
| CHADWICK WIMBLY | Defendant |
| ROSS GELFAND | Attorney for Plaintiff | 770-840-8482 |

---

**12-C-00298-S5** | DISCOVER BANK VS SINGLETON | | 1/18/2012
| 1:30 pm | # 11 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| DISCOVER BANK | Plaintiff |
| YOLANDA S SINGLETON | Defendant |
| KEITH D TAYLOR | Attorney for Plaintiff | 404-890-5822 |

---

**12-C-00346-S5** | CREDITONE LLC VS GALOP | | 1/20/2012
| 1:30 pm | # 12 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| CREDITONE LLC | Plaintiff |
| WELLS FARGO BANK NA | AKA/DBA/OBO/FKA/Plaintiff |
| STEPHEN P GALOP | Defendant |
| DAVID KLEBER | Attorney for Plaintiff | 404-378-1100 |

---

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

| CALENDAR |

**JUDGE PAMELA D. SOUTH**
**CIVIL NO SERVICE CALENDAR**

| 5/15/2012 |

| Scheduled Event Details | | | Filing Date |
|---|---|---|---|

---

**12-C-00364-S5** | FIA CARD SERVICES VS OKOYE | | 1/20/2012
1:30 pm · # 13 | NO SERVICE CALENDAR | Room 2F |

ACCOUNT

| FIA CARD SERVICES NA | Plaintiff | |
| VITUS C OKOYE | Defendant | |
| S LOUIS SCHIAPPA | Attorney for Plaintiff | 770-988-9055 |
| JARVIS  LAKEMAKER | Attorney for Plaintiff | 770-988-9055 |

---

**12-C-00377-S5** | PROGRESSIVE PREMIER INSURANCE VS NIEVESCRUZ | | 1/20/2012
1:30 pm  # 14 | NO SERVICE CALENDAR | Room 2F |

SUBROGATION

| PROGRESSIVE PREMIER INSURANCE CO | Plaintiff | |
| ASHLEY  TOLBERT | AKA/DBA/OBO/FKA/Plaintiff | |
| CARLOS MANUEL NIEVESCRUZ | Defendant | |
| DAN D WRIGHT JR | Attorney for Plaintiff | 404-350-1192 |

---

**12-C-00382-S5** | AMERICAN EXPRESS CENTURION VS NGUYEN | | 1/20/2012
1:30 pm  # 15 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| AMERICAN EXPRESS CENTURION BANK | Plaintiff | |
| CHOI  NGUYEN | Defendant | |
| TIMOTHY M CURTIN | Attorney for Plaintiff | 404-262-0290 |

---

**12-C-00402-S5** | EXCHANGE AT STATESBORO VS EVANS ET AL | | 1/23/2012
1:30 pm  # 16 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| EXCHANGE AT STATESBORO | Plaintiff | |
| DEBORA  EVANS | Defendant | |
| ERIN M EVANS | Defendant | |
| DOUGLAS L BROOKS | Attorney for Plaintiff | 404-442-9101 |

---

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

## CALENDAR

### JUDGE PAMELA D. SOUTH
### CIVIL NO SERVICE CALENDAR

## 5/15/2012

| Scheduled Event Details | | Filing Date |
|---|---|---|

**12-C-00420-S5** | LITTLE SUWANEE POINTE VS WEST ET AL | 1/23/2012
**1:30 pm**  # 17 | NO SERVICE CALENDAR | Room 2F

CONTRACT

| LITTLE SUWANEE POINTE OWNERS | Plaintiff | |
| MARC D WEST | Defendant | |
| LAUREN CAROL BRONDUM | Defendant | |
| STEPHEN A FINAMORE | Attorney for Plaintiff | 770-685-7000 |

---

**12-C-00426-S5** | FMCC VS WIGENTON | 1/23/2012
**1:30 pm**  # 18 | NO SERVICE CALENDAR | Room 2F

CONTRACT

| FORD MOTOR CREDIT CO LLC | Plaintiff | |
| LORETTA  WIGENTON | Defendant | |
| C FREDERICK MACDOWELL | Attorney for Plaintiff | 404-634-1100 |

---

**12-C-00436-S5** | FEDEX TECHCONNECT INC VS ART IMAGE INC | 1/24/2012
**1:30 pm**  # 19 | NO SERVICE CALENDAR | Room 2F

ACCOUNT

| FEDEX TECHCONNECT INC | Plaintiff | |
| ART IMAGE INC | Defendant | |
| RED GALLERY | AKA/DBA/OBO/FKA/Defendant | |
| DAN D WRIGHT JR | Attorney for Plaintiff | 404-350-1192 |

---

**12-C-00468-S5** | CACH LLC VS MORGAN | 1/25/2012
**1:30 pm**  # 20 | NO SERVICE CALENDAR | Room 2F

CONTRACT

| CACH LLC | Plaintiff | |
| NOAH  MORGAN | Defendant | |
| JOSEPH A RANEIRI IV | Attorney for Plaintiff | 678-346-7023 |

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

| CALENDAR |

**JUDGE PAMELA D. SOUTH**
CIVIL NO SERVICE CALENDAR

| 5/15/2012 |

| Scheduled Event Details | Filing Date |
| --- | --- |

---

**12-C-00513-S5**     FORD MOTOR CREDIT VS RAMIREZ ET AL      1/27/2012

| 1:30 pm | # 21     NO SERVICE CALENDAR          Room 2F

CONTRACT

| FORD MOTOR CREDIT COMPANY LLC | Plaintiff | |
| NYDIA E RAMIREZ | Defendant | |
| BENJAMIN  RAMIREZ | Defendant | |
| ASHLEY F CAMPBELL | Attorney for Plaintiff | 404-634-1102 |

---

**12-C-00539-S5**     STATE FARM MUTUAL VS COOK          1/27/2012

| 1:30 pm | # 22     NO SERVICE CALENDAR          Room 2F

SUBROGATION

| STATE FARM MUTUAL AUTOMOBILE | Plaintiff | |
| JACOB  COOK | Defendant | |
| BRIAN T MOORE | Attorney for Plaintiff | 404-885-1400 |
| MYLES  LEVELLE | Attorney for Plaintiff | 404-885-1400 |

---

**12-C-00543-S5**     TWEEL VS STATE FARM INSURANCE      1/27/2012

| 1:30 pm | # 23     NO SERVICE CALENDAR          Room 2F

CONTRACT

| PHILLIP  TWEEL | Plaintiff | |
| STATE FARM INSURANCE CO | Defendant | |
| JEFFREY R SLIZ | Attorney for Plaintiff | 770-963-8607 |
| RYAN C BRAMBLETT | Attorney for Plaintiff | 770-963-8607 |

---

**12-C-00561-S5**     GEORGIA UNITED CREDIT VS POWELL    1/30/2012

| 1:30 pm | # 24     NO SERVICE CALENDAR          Room 2F

CONTRACT

| GEORGIA UNITED CREDIT UNION | Plaintiff | |
| STEPHEN  POWELL | Defendant | |
| LEWIS N JONES | Attorney for Plaintiff | 404-658-1070 |
| JANET L WOMACK | Attorney for Plaintiff | 404-658-1070 |

---

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

| CALENDAR |
| --- |

**JUDGE PAMELA D. SOUTH**
**CIVIL NO SERVICE CALENDAR**

| 5/15/2012 |
| --- |

| Scheduled Event Details | | Filing Date |
| --- | --- | --- |

---

| 12-C-00602-S5 | AUTOMOTIVE FINANCE CORP VS SACKEYMENSAH | | 1/31/2012 |
| --- | --- | --- | --- |
| **1:30 pm**   # 25 | NO SERVICE CALENDAR | Room 2F | |
| | JMT DOMESTICATION - GENERAL CIVIL | | |
| | AUTOMOTIVE FINANCE CORP | Plaintiff | |
| | ALFRED  SACKEYMENSAH | Defendant | |
| | CECILLY C CLARK | Attorney for Plaintiff | 404-869-1545 |

---

| 12-C-00617-S5 | SUNTRUST BANK VS LIM | | 2/1/2012 |
| --- | --- | --- | --- |
| **1:30 pm**   # 26 | NO SERVICE CALENDAR | Room 2F | |
| | CONTRACT | | |
| | SUNTRUST BANK | Plaintiff | |
| | JAE H LIM | Defendant | |
| | ADAM S RUSSO | Attorney for Plaintiff | 404-869-6900 |

---

| 12-C-00664-S5 | BUTLER CAPITAL CORPORATION VS MARVIN HEWATT ET AL | | 2/2/2012 |
| --- | --- | --- | --- |
| **1:30 pm**   # 27 | NO SERVICE CALENDAR | Room 2F | |
| | AS TO PERSONS ABC - ONLY | | |
| | CONTRACT | | |
| | BUTLER CAPITAL CORP | Plaintiff | |
| | MARVIN HEWATT ENTERPRISES INC | Defendant | |
| | PERSONS ABC | Defendant | |
| | STEPHEN H DEBAUN | Attorney for Plaintiff | 404-248-9330 |
| | STEVEN M MILLS | Attorney for Defendant | 770-513-8111 |
| | TIMOTHY S WALLS | Attorney for Defendant | 770-513-8111 |

---

| 12-C-00666-S5 | THOMAS VS ONEILL | | 2/2/2012 |
| --- | --- | --- | --- |
| **1:30 pm**   # 28 | NO SERVICE CALENDAR | Room 2F | |
| | TORT | | |
| | JOY  THOMAS | Plaintiff | |
| | GAIL  ONEILL | Defendant | |
| | SAUNDRA M DAVIS | Attorney for Plaintiff | 770-934-3668 |

---

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

| CALENDAR |

**JUDGE PAMELA D. SOUTH**
CIVIL NO SERVICE CALENDAR

| 5/15/2012 |

| Scheduled Event Details | | | Filing Date |
|---|---|---|---|

**12-C-00739-S5** | FIA CARD SERVICES VS MENDOZA | | 2/7/2012
| 1:30 pm | # 29 | NO SERVICE CALENDAR | Room 2F |

ACCOUNT

| FIA CARD SERVICES NA | Plaintiff |
| ELVIN A MENDOZA | Defendant |
| GREGSON T HAAN | Attorney for Plaintiff | 404-873-1386 |

---

**12-C-00745-S5** | GWINNETT HOSPITAL SYSTEM VS ROGERS | | 2/7/2012
| 1:30 pm | # 30 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| GWINNETT HOSPITAL SYSTEM INC | Plaintiff |
| DENA E ROGERS | Defendant |
| CARMEN V PORRECA | Attorney for Plaintiff | 770-261-1030 |

---

**12-C-00784-S5** | STATE FARM MUTUAL VS RAMIREZ ET AL | | 2/8/2012
| 1:30 pm | # 31 | NO SERVICE CALENDAR | Room 2F |

SUBROGATION

| STATE FARM MUTUAL AUTOMOBILE | Plaintiff |
| SEVATIUS C LAURENCIN | AKA/DBA/OBO/FKA/Plaintiff |
| SIMONE  LAURENCIN | AKA/DBA/OBO/FKA/Plaintiff |
| MELENDEZ  RAMIREZ | Defendant |
| JOHN  DOE | Defendant |
| CANDACE M BOUTWELL | Attorney for Plaintiff | 678-985-0800 |
| KIMBERLY T MCGOWAN | Attorney for Plaintiff | 678-985-0800 |
| MARGARET M LEARY | Attorney for Plaintiff | 678-985-0800 |

---

**12-C-00802-S5** | GWINNETT HOSPITAL SYSTEM VS DAKWA | | 2/8/2012
| 1:30 pm | # 32 | NO SERVICE CALENDAR | Room 2F |

CONTRACT

| GWINNETT HOSPITAL SYSTEM INC | Plaintiff |
| FATI AYIM DAKWA | Defendant |
| CARMEN V PORRECA | Attorney for Plaintiff | 770-261-1030 |

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

| CALENDAR |

**JUDGE PAMELA D. SOUTH**
**CIVIL NO SERVICE CALENDAR**

| 5/15/2012 |

| Scheduled Event Details | | | Filing Date |
|---|---|---|---|

---

**12-C-00814-S5**    CAPITAL ONE BANK VS SIERRA ET AL       2/9/2012

| 1:30 pm | # 33    NO SERVICE CALENDAR      Room 2F

ACCOUNT

| CAPITAL ONE BANK USA NA | Plaintiff | |
| MAYRA C SIERRA | Defendant | |
| MAYRA C GORDON | AKA/DBA/OBO/FKA/Defendant | |
| GREGSON T HAAN | Attorney for Plaintiff | 404-873-1386 |

---

**12-C-00820-S5**    SUNTRUST BANK VS ANDERSON       2/9/2012

| 1:30 pm | # 34    NO SERVICE CALENDAR      Room 2F

CONTRACT

| SUNTRUST BANK | Plaintiff | |
| SHARON M ANDERSON | Defendant | |
| ADAM S RUSSO | Attorney for Plaintiff | 404-869-6900 |

---

**12-C-00829-S5**    ACCIME VS TENDEAN       2/9/2012

| 1:30 pm | # 35    NO SERVICE CALENDAR      Room 2F

TORT

| NESLY ACCIME | Plaintiff | |
| PAULUS TENDEAN | Defendant | |
| GERRY CARTY | Attorney for Plaintiff | 404-577-1111 |
| JOHN M FOY | Attorney for Plaintiff | 404-873-4488 |

---

**12-C-00832-S5**    FIRST INVESTORS SERVICING VS ALEXANDER       2/10/2012

| 1:30 pm | # 36    NO SERVICE CALENDAR      Room 2F

CONTRACT

| FIRST INVESTORS SERVICING CORP | Plaintiff | |
| FIRST INVESTORS FINANCIAL SERVICES | AKA/DBA/OBO/FKA/Plaintiff | |
| ATLANTA CHRYSLER JEEP DODGE | AKA/DBA/OBO/FKA/Plaintiff | |
| VINCENT EDWARD ALEXANDER | Defendant | |
| CHARLES T DAY III | Attorney for Plaintiff | 678-990-9676 |

---

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

| CALENDAR |

**JUDGE PAMELA D. SOUTH**
CIVIL NO SERVICE CALENDAR

| 5/15/2012 |

| Scheduled Event Details | | | Filing Date |
|---|---|---|---|

---

| 12-C-00845-S5 | SUNSTATE EQUIPMENT CO VS R & V EURO | | 2/10/2012 |
|---|---|---|---|
| **1:30 pm**   # 37 | NO SERVICE CALENDAR | Room 2F | |
| | ACCOUNT | | |
| | SUNSTATE EQUIPMENT CO | Plaintiff | |
| | R & V EURO CONSTRUCTION LLC | Defendant | |
| | J MICHAEL KAPLAN | Attorney for Plaintiff | 706-327-7673 |

---

| 12-C-00858-S5 | DELTORO VS PICKETT | | 2/10/2012 |
|---|---|---|---|
| **1:30 pm**   # 38 | NO SERVICE CALENDAR | Room 2F | |
| | PERSONAL INJURY | | |
| | ARELY E CUEVAS DELTORO | Plaintiff | |
| | SUSAN R PICKETT | Defendant | |
| | DARRELL T FARR | Attorney for Plaintiff | 404-373-4562 |

---

| 12-C-00860-S5 | HABA VS SALAHAT ET AL | | 2/10/2012 |
|---|---|---|---|
| **1:30 pm**   # 39 | NO SERVICE CALENDAR | Room 2F | |
| | CONTRACT | | |
| | JOSEPH  HABA | Plaintiff | |
| | ANNA  HABA | Plaintiff | |
| | ZEYAD AHMED SALAHAT | Defendant | |
| | Z WAY LLC | Defendant | |
| | ROBERT L. BOOKER | Attorney for Plaintiff | 678-646-0432 |

---

| 12-C-00866-S5 | CAPITAL ALLIANCE FINANCIAL VS KIM | | 2/13/2012 |
|---|---|---|---|
| **1:30 pm**   # 40 | NO SERVICE CALENDAR | Room 2F | |
| | CONTRACT | | |
| | CAPITAL ALLIANCE FINANCIAL LLC | Plaintiff | |
| | SANG  KIM | Defendant | |
| | LAURA D DUSTON | Attorney for Plaintiff | 616-988-2280 |

*GWINNETT JUDICIAL CIRCUIT*
*STATE COURT CIVIL DIVISION*

### CALENDAR

**JUDGE PAMELA D. SOUTH**
**CIVIL NO SERVICE CALENDAR**

### 5/15/2012

| Scheduled Event Details | | Filing Date |
|---|---|---|
| 12-C-00888-S5 | WINWARD PARKWAY LLC VS HEALTHTEK GYMS LLC ET AL | 2/13/2012 |
| 1:30 pm   # 41 | NO SERVICE CALENDAR          Room 2F | |
| | OTHER GENERAL CIVIL | |
| | WINWARD PARKWAY LLC          Plaintiff | |
| | HEALTHTEK GYMS LLC          Defendant | |
| | JAMES S LONG JR          Defendant | |
| | TRACE  DILLON          Attorney for Plaintiff | 770-513-6400 |

Number of cases:  41

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |
|---|---|
| RICKY FELICIANO | ) |
| Plaintiff, | ) CIVIL ACTION |
| vs. | ) FILE NO.: 11C-O8186-5 |
| VENTRON MANAGEMENT, LLC, | ) |
| REVELATOR COMPANY, LLC, | ) |
| and | ) |
| ADRIAN JOHNSON, | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO COMPEL DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY AND FOR SANCTIONS

COME NOW, the Plaintiff, by and through his Counsel of Record, and files this Motion to Compel the Defendants, Ventron Management, LLC and Revelator Company, LLC, to provide full and complete responses to Plaintiff's Discovery. In support of this Motion, Plaintiff relies on all pleadings of record and the attached Brief in Support of Plaintiff's Motion and all attachments.

WHEREFORE, Counsel for the Plaintiffs respectfully request that Plaintiff's Motion to Compel be granted and that Plaintiff be awarded attorneys' fees for the deliberate and wrongful withholding of discovery by the Defendants.

This the 26 day of April, 2012.

MARKS LAW GROUP, LLC

_____
Aaron P. Marks
Georgia Bar No. 558116
Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, Georgia 30030
Telephone: (404) 939-1485
Facsimile: (404) 581-5902

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |  |
|---|---|---|
| RICKY FELICIANO | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| vs. | ) ) | FILE NO.: 11C-O8186-5 |
| VENTRON MANAGEMENT, LLC, | ) ) | |
| REVELATOR COMPANY, LLC, | ) ) | |
| and | ) ) | |
| ADRIAN JOHNSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

In compliance with applicable Rule 5.2 of the Uniform Superior and State Court rules, I hereby certify that I have this day, served the Defendants in the foregoing matter with a copy of **PLAINTIFF'S MOTION TO COMPEL DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY AND FOR SANCTIONS** upon Defendants by depositing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jacob E. Daly

Sun S. Choy
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948


This the 26 day of April, 2012.


                                        MARKS LAW GROUP, LLC


                                        _____
                                        Aaron P. Marks
                                        Georgia Bar No. 558116
                                        Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, Georgia 30030
Telephone: (404) 939-1485
Facsimile:  (404) 581-5902

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| **RICKY FELICIANO** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) ) | **CIVIL ACTION** |
| **vs.** | ) ) ) | **FILE NO.: 11C-O8186-5** |
| **VENTRON MANAGEMENT, LLC,** | ) ) | |
| **REVELATOR COMPANY, LLC,** | ) ) | |
| **and** | ) ) ) | |
| **ADRIAN JOHNSON,** | ) ) ) ) ) | |
| **Defendants.** | ) ) | |

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY AND FOR SANCTIONS

Pursuant to O.C.G.A. § 9-11-37(a), Plaintiff respectfully moves this Honorable Court to compel Defendants Ventron Management, LLC and Revelator Company, LLC, ("Defendants") to respond fully and completely to certain of Plaintiff's First Interrogatories and First Requests for the Production of Documents, without objection, and to enter an award of fees and costs incurred by Plaintiff's Counsel for having to bring this Motion. In support of Plaintiff's motion, he respectfully shows the Court the following:

1

## NATURE OF THE CASE

This is a premises liability case brought by Ricky Feliciano.  On April 29, 2011, Ricky Feliciano was visiting his friend Edith Caballeros, a tenant of Defendants' property, the Retreat at Arc Way, located in Norcross, Georgia.  Shortly after arriving, Plaintiff and Caballeros began preparing to use the outside grill.  While Mr. Feliciano was outside preparing to cook on the grill Defendant Adrian Johnson, an employee or agent of Defendants, approached and told him to move the grill "away from the complex."  Mr. Feliciano immediately complied with Defendant Johnson's demand. Approximately thirty minutes later Defendant Johnson returned, cursing at Mr. Feliciano, yelling that the grill was "too close." Eventually another guest offered to move the grill, at which point Defendant Johnson left and Mr. Feliciano stated that he "didn't want any trouble."  Approximately fifteen minutes later Defendant Johnson returned, and together with three men whose names are unknown, grabbed Mr. Feliciano from behind and proceeded to physically assault him, including but not limited to kicking, punching, and jumping on him. As Mr. Feliciano was assaulted bystanders screamed for Defendant Johnson to leave and to stop hurting him. Eventually Defendant Johnson and his three accomplices fled, running from the scene.

On January 31, 2012, Defendants were served with Plaintiffs' initial discovery, including interrogatories and requests for the production of documents.  As Plaintiffs' Complaint makes clear, this is a conventional negligent security, premises liability case where Plaintiff has alleged, *inter alia*, Defendants Ventron Management, LLC and Revelator Company, LLC negligently failed to properly train and/or supervise Defendant Johnson, and Defendant Johnson failed to safely, properly and professionally execute his duties and obligations to Plaintiff, which resulted

2

in Plaintiffs' injury.  From a liability standpoint, this case fits within the parameters of a well-established line of authority beginning with <u>Atlanta Gas Light Co. v. Gresham,</u> 394 S.E.2d 345, 260 Ga. 391 (Ga., 1990) ; <u>see also</u> <u>FPI ATLANTA, LP v. Seaton.</u> 524 S.E.2d 524, 240 Ga. App. 880 (Ga. App., 1999).

The focus of the jury's inquiry in circumstances such as these is the Defendants' actual or constructive failure to properly train and/or supervise Defendant Johnson, and Defendants' superior knowledge of the employee's negligent conduct.  Proof of such knowledge may be shown in a variety of ways, including evidence that there were other incidents of assaults by Defendant Johnson, complaints by other tenants and their guests, Defendant Johnson's criminal history, poor training and supervision procedures, and lack of proper documentation for previous incidents. In this case, the Defendants allude to the property in question as being subject to "break-ins as well as looting of the units," but have refused to produce any additional information as to the frequency, intensity, or duration of crime committed.

In Plaintiff's initial discovery, Plaintiff sought information and documents relating to Defendants' notice and knowledge. (See **Exhibit A** for Plaintiff's First Interrogatories to Defendants; **Exhibit B** for Plaintiff's First Request for Production of Documents to Defendants). Due to the Defendant's refusal to comply with the Georgia Civil Practice Act, Plaintiff seeks the assistance of the Court to compel disclosure of information and documents relating to the following categories of potentially admissible evidence in this case:

(1) Other similar incidents of assaults by Defendant Johnson, complaints by other tenants and their guests about Defendant Johnson, Defendant Johnson's criminal history, and Defendants' training and supervision procedures, that would serve to provide Defendants

with notice and knowledge of either a propensity of Defendant Johnson's violent tendencies, or defective and dangerous flaws in the training and supervision procedures at this location; and

(2) Defendants' notice and knowledge of issues relating to the safety, training, and behavior of Defendant Johnson;

(3) The actual "incident logs" for the apartment complex in question during the time Defendant Johnson was employed there and all other mechanisms of reporting incidents, complaints, or crimes prior to the incident;

(4) The Seven Day Notice to Cure sent to Apartment 35-6 by Michele Harris.

(5) The name and address of any person that is involved with the security for the subject premises for a period of 2 years prior to the assault on Plaintiff.

Defendants, by and through its defense Counsel, have refused to provide thorough and complete responses to these requests.  (See **Exhibit C** for Responses of Defendants to Plaintiff's First Interrogatories; **Exhibit D** for Responses of Defendants to Plaintiff's First Request for Production of Documents).  In fact, Defendants have engaged in tactics designed to delay Plaintiff's access to this patently discoverable information; therefore, Plaintiff additionally seeks an award of fees and costs for having to prepare this Motion and Brief.

## SPECIFIC DISCOVERY REQUESTS AT ISSUE IN PLAINTIFF'S MOTION

Attached as Exhibits **A, B, C, and D** are side by side comparisons of Plaintiff's First Interrogatories and Request to Produce and Defendants' Response.  For the convenience of the

Court, these Interrogatories and Request for the Production of Documents fall into the following categories:

    a.  The name, title, and address of every apartment manager and courtesy officer for the subject premises for a period of 2 years prior to the assault on Plaintiff;

    b.  Incident logs, complaint forms, and related records for the subject premises for a period of 2 years prior to the assault on Plaintiff;

    c.  The names of persons who trained and/or supervised Defendant Johnson as well as all related documents which include:

        i. Copies of all recorded or written procedures by any of these individuals;

        ii.  Names and documents of all persons employed by the Defendant who were or are responsible for Defendant Johnson's actions;

        iii.  Names and documents of all persons employed by the Defendants who communicated their knowledge of Defendant Johnson's training and/or supervision to any other employee of the Defendants in the days leading up to Plaintiff's assault;

        iv.  Names and documents of all persons who trained, supervised, or evaluated Defendant Johnson before and after Plaintiff's assault;

        v.  Any and all documents that deal with the separation, termination, or otherwise employment nullification between Defendants and Defendant Johnson.

    d.  Defendants' experience with criminal activity on the subject premises for a period of 2 years prior to the assault on Plaintiff;

    e.  Other liability claims for the subject premises for a period of 2 years prior to the assault on Plaintiff;

    f.  All background, security, or criminal verification reports done by Defendants before, while, and after Defendant Johnson remained a courtesy officer.

## RULE 6.4 CERTIFICATION

Attached as **Exhibit E** are emails and letters sent by Counsel for the Plaintiff to Counsel for the Defendants in an effort to resolve these issues without involving the Court. Pursuant to Uniform Superior Court Rule 6.4(B), counsel for the Plaintiff hereby certifies that he has attempted to resolve these discovery disputes in good faith, in an effort not to involve this Court in a motion to compel. Plaintiff reports that those efforts were unsuccessful, thereby necessitating this request for relief.

## ARGUMENT AND CITATION OF AUTHORITY

The primary purpose of discovery is to obtain the truth. Atlantic Coastline Railroad v. Daughtery, 111 Ga. App. 144 (1965). Discovery enables the respective parties to know the issues and be fully prepared for trial. Travis Meat & Seafood Company v. Ashworth, 127 Ga. App. 284 (1972). In furtherance of this goal, the rules of discovery are designed to narrow and clarify issues and to remove the potential for secrecy and for hiding materials. Hanna Creative Entertainment, Inc. v. Alterman Food, Inc., 156 Ga. App. 376 (1980). Under the Georgia Civil Practice Act, interrogatory responses must be verified by the answering party. See O.C.G.A. § 9-11-33(a)(2) (requiring the interrogatories be answered "under oath"). Unsworn responses provided by a party's counsel do not constitute answers to interrogatories for the purposes of

6

O.C.G.A. § 9-11-33(a)(2). See <u>Williamson v. Lunsford</u>, 119 Ga. App. 240 (1969). Here, the Defendants failed to verify its responses to the interrogatories despite the law and request of the Plaintiff.

O.C.G.A. § 9-11-26 (b)(1) provides for the discovery regarding any non-privileged matter which is relevant to the subject matter involved in the pending litigation. <u>McKinnon v. Smock</u>, 264 Ga. 375 (1994). Similarly, the fact that the information sought may be inadmissible on the trial is no ground for objection or production if it appears reasonably calculated to lead to the discovery of admissible evidence. <u>Moore-Handley, Inc. v. Wilkes</u>, 131 Ga. App. 251 (1974).

Defendants have similarly failed to provide separate and full answers. For the purposes of compelling discovery responses, "Any evasive of incomplete answer is to be treated as a failure to answer." Additionally, it is sufficient "to specify the records from which the answer may be derived or ascertained" only if "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory". Such is not the case here. See O.C.G.A. § 9-11-33(c) (emphasis added).

### OTHER CRIMINAL ACTIVITY WITHIN 2 YEARS

Discovery of other similar incidents serves two purposes: first, it allows Plaintiff to secure proof of notice and knowledge of a defective security procedure or dangerous conditions; and, second, it serves to highlight inadequate training or supervision at this particular location. Plaintiff limited their request for other similar incidents to in the State of Georgia, for a two-year period.

Defendants again improperly limited their response, and lodged numerous objections. To date, Defendants have elected to identify no other criminal activity at this apartment complex or

any other property in the State of Georgia.  Defendants have elected *not* to provide:  any

information or documents relating to any other allegations of assaults, which information would

plainly allow Plaintiff to discover Defendants' inspection and crime prevention procedures; and

its handling of risks of which it has actual or constructive knowledge.  Such information might

also shed light on what appears to be inadequate employee staffing and training problems at this

location.

Other similar incident information is routinely discoverable in cases such as this.  Once

the information is produced, the parties debate the *admissibility* of the information based upon

whether or not Plaintiff can show substantial similarity sufficient to raise the suggestion of notice

or knowledge to Defendants.  Again, Defendants want to cut that whole process off by simply

reaching their own conclusion that Plaintiff cannot look at the information to begin with.  As the

cases cited below reveal, defendants often come into these cases and claim that plaintiffs cannot

prove knowledge because there have been *no* other incidents at the particular location at issue.

Obviously, that argument can only be made if the parties are fairly allowed to discover such

information.  Plaintiffs are entitled to full discovery of these issues, consistent with the requests

they propounded.  See Apple Investment Properties, Inc. v. Watts, 220 Ga. App. 226, 469 S.E.2d

356 (1996).  "The Civil Practice Act contemplates *full investigation*, allowing discovery of 'any

matter, not privileged, which is relevant [and] . . . reasonably calculated to lead to the discovery

of admissible evidence.'"  Id. (quoting O.C.G.A. § 9-11-26(b)(1))(emphasis added); see also

Wood v. Winn-Dixie Stores, Inc., 244 Ga. App. 187, 534 S.E.2d 556 (2000) (reversing summary

judgment grant and highlighting fact that actual and constructive knowledge issues can be

proven through other similar incidents, as well as evidence relating to inspection procedures);

8

Norfolk Southern Railway Co. v. Thompson, 208 Ga. App. 240, 430 S.E.2d 371 (upholding admissibility of other incidents as going to notice and knowledge of defective condition); based upon Apple Investment Properties, Inc. v. Watts, 220 Ga. App. 226 (1996);   Wood v. Winn-Dixie Stores, Inc., 244 Ga. App. 187 (2000) (reversing summary judgment grant and highlighting fact that actual and constructive knowledge issues can be proven through other similar incidents, as well as evidence relating to inspection procedures); Norfolk Southern Railway Company v. Thompson, 208 Ga. App. 240, (upholding admissibility of other incidents as going to notice and knowledge of defective condition). Georgia law is clear that Plaintiff is entitled to know of any lawsuits against Defendants at this location and are wrongfully compelled by the Defendants to file this Motion to Compel.

### SECURITY PROCEDURES, INSPECTION FORMS AND LOG BOOKS

Plaintiff has requested and Defendants have refused to provide the actual "procedure manual" in use for Defendant Johnson on the day of the accident.  Defendants have only produced a formal "job description" hiring packet, which does not represent any instructions or procedures for dealing with the alleged behavior in the hours leading up to the unfortunate incident (attached as **Exhibit F**).  Likewise, Defendants have refused to produce any logs, diaries, shift reports, or other types of communication between its employees and managers concerning pre-existing knowledge of the Defendant Johnson's behavior or attempts to train and supervise Defendant Johnson in the hours and days leading up to the incident.  Such sweep logs, diaries, and shift reports are certainly discoverable on the issue of superior or constructive knowledge of the Defendants.

## LIST OF EMPLOYEES AND TENATS AND RELEVANT CONTACT INFORMATION

Just as the Court of Appeals in <u>Jaynes v. Blake</u>, 119 Ga. App. 748 (1969) has held that witnesses do not belong to anyone party, listing the last known addresses of all employees who were on duty, and tenants living at the premises, on the day of the incident is equally relevant and discoverable. These employees, ex-employees, and tenants quite often tell a much different story than that of the corporate designee at trial. It is the search for the truth, i.e., the problem(s) with Defendant Johnson, how long the Defendants knew about it, and what steps were or were not taken in the days before and the days after the incident that occurred to the Plaintiff that requires that the Defendants turn over this information.

## PERSONS WHO CONDUCTED DEFENDANTS' INVESTIGATION

As the object of all legal investigation is the truth, witnesses do not belong to any one party. <u>Jayne v. Blake</u>, 119 Ga. pp. 748 (1969). As is required under Federal Rule 26(b), the Court of Appeals in <u>Jayne</u> required that the identity and location of persons having knowledge of relevant facts. " . . . The identity of such persons, the witnesses or probable witnesses in the case, is not, with certain exceptions, considered privileged even in the hands of an attorney, and particularly where it was obtained by someone other than the attorney." <u>Jayne</u>, at page 748. Plaintiff is entitled to the names and addresses of everybody with whom its adjuster, apartment manager, or any witnesses spoke to before the file got on Defense Counsel's desk. This includes adjusters. Under <u>Atlantic Coast Line R. Co. v. Daugherty</u>, 111 GA. App. 144 (1968), <u>Sorrells v. Cole</u>, 111 Ga. App 136 (1965) and <u>Jaynes v. Blake</u>, 119 Ga. App 748 (1969).

## PLAINTIFF IS ENTITLED TO HIS ATTORNEYS' FEES
## AND COSTS FOR BRINGING THIS MOTION

O.C.G.A. § 9-11-37(a)(4)(A) provides, in pertinent part, as follows:

If the motion is granted, the court shall, after opportunity for a hearing, require the party … whose contact necessitated the motion or the party or attorney advising such contact or both of them to pay the moving party the reasonable expenses incurred in obtaining the order, including attorneys' fees, unless the court finds that the opposition was substantially justified or that other circumstances make an award of expenses unjust.

Plaintiff has made good faith efforts to resolve the discovery disputes at issue without burdening this Court with these matters. Attached as **Exhibit E** is a copy of Plaintiff's Rule 6.4 letter. Defendants' willful misconduct and discovery deficiencies warrant Plaintiff's recovery of his expenses, including attorney's fees, incurred in securing the Defendants' compliance with the rules of discovery, pursuant to O.C.G.A. § 9-11-37(a)(4)(A).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his Motion to Compel discovery from the Defendants be granted and that this Court enter an Order: (1) that Defendants respond fully and completely in writing to the discovery referenced herein and provide verifications for the Interrogatory responses within 10 days of the Court's order; (2) that this Court award to the Plaintiff attorney's fees and expenses in the amount of $1600.00 for the time required by the Plaintiff, by and through their Counsel, to have to file and argue this Motion to Compel.

This 26th day of April, 2012.

MARKS LAW GROUP, LLC

11

Aaron P. Marks
Georgia Bar No. 558116
Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, Georgia 30030
Telephone: (404) 939-1485
Facsimile:  (404) 581-5902

12

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | |
|---|---|
| RICKY FELICIANO | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION |
| | ) |
| vs. | ) FILE NO.: 11C-O8186-5 |
| | ) |
| VENTRON MANAGEMENT, LLC, | ) |
| | ) |
| REVELATOR COMPANY, LLC, | ) |
| | ) |
| and | ) |
| | ) |
| ADRIAN JOHNSON, | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## RULE 5.2 CERTIFICATE OF SERVICE

In compliance with applicable Rule 5.2 of the Uniform Superior and State Court rules, I hereby certify that I have this day, served the Defendants in the foregoing matter with a copy of **PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY AND FOR SANCTIONS** upon Defendants by depositing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

13

Jacob E. Daly
Sun S. Choy
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948

This the 26th day of April, 2012.

MARKS LAW GROUP, LLC

_____
Aaron P. Marks
Georgia Bar No. 558116
Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, Georgia 30030
Telephone: (404) 939-1485
Facsimile:  (404) 581-5902

14

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2012 MAY 16  PM 12: 00

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )        CIVIL ACTION
                                    )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;            )
DT ATLANTA III, LLC; REVELATOR      )
COMPANY, LLC; and ADRIAN            )
JOHNSON,                            )
                                    )
          Defendants.               )

## <u>CONSENT MOTION TO EXTEND DISCOVERY</u>

COME NOW plaintiffs and defendants Ventron Management, LLC and

Revelator Company, LLC[1] and move the Court to extend the discovery period until

September 21, 2012.

The current discovery period is scheduled to expire on May 21, 2012, but

plaintiff and these defendants agree that additional time is necessary to complete

discovery. These parties have exchanged written discovery, but they are working

through some disputes relating to each side's responses, and plaintiff has filed a

---

[1]    Defendant Adrian Johnson has not been served with process and has not
filed an answer. Defendant DT Atlanta III, LLC has been dismissed.

motion to compel.   Thus, these parties have not yet been able to take any depositions.  This is the first extension of the discovery period requested by these parties.

Accordingly, these parties request that the Court grant this motion and extend the discovery period through and including September 21, 2012.   For the Court's convenience, a proposed order is enclosed.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

Attorneys for Defendants
Ventron Management, LLC
and Revelator Company, LLC

MARKS LAW GROUP, LLC

Aaron P. Marks
Georgia Bar No. 558116
103 W. Dearborn Circle
Decatur, GA 30030-4474
(404) 939-1485 (telephone)

Attorney for Plaintiff

*Signed by Jacob E. Daly with the express permission of Aaron P. Marks.
L:\DOCS\365\44886\00106020.DOC

- 2 -

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                    )
                                    )
         Plaintiff,                 )
                                    )
v.                                  )        CIVIL ACTION
                                    )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;            )
DT ATLANTA III, LLC; REVELATOR      )
COMPANY, LLC; and ADRIAN            )
JOHNSON,                            )
                                    )
         Defendants.                )

## ORDER

Upon consideration of the Consent Motion to Extend Discovery filed by the parties in this case (except for Adrian Johnson and DT Atlanta III, LLC), and for good cause shown,

IT IS HEREBY ORDERED that the period for discovery in this case be and is extended through and including September 21, 2012.

SO ORDERED, this _____ day of May, 2012.

_____
Hon. Pamela D. South
Judge, State Court of Gwinnett County

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **CONSENT MOTION TO EXTEND DISCOVERY** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

This 14th day of May, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2012 MAY 18  PM 12: 26

RICHARD ALEXANDER, CLERK

| | | |
|---|---|---|
| RICKY FELICIANO, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| | ) | NO.  11-C-08186-S5 |
| vs. | ) | |
| | ) | |
| VENTRON MANAGEMENT, LLC, | ) | |
| REVELATOR  COMPANY, LLC, and | ) | |
| ADRIAN JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## DISMISSAL: SERVICE NOT PERFECTED

## AS TO DEFENDANT ADRIAN JOHNSON ONLY

The Court called the above-styled case in its order, as said case appeared on the

Court's May 15, 2012, published, "No Service," peremptory calendar.  There was no

appearance made by or on behalf of the Plaintiff, and no evidence in the Court's record showing

that Plaintiff perfected service upon Defendant Adrian Johnson.  There being no appearance,

and no proof of service, it is ordered that said Defendant Adrian Johnson is hereby **DISMISSED**

for *Want of Prosecution.*

SO ORDERED, this ___18th___ day of May, 2012.

_____
Pamela D. South, Judge
Gwinnett State Court

Copies to:

Sun S. Choy
Jacob E. Daly
Aaron P. Marks
Kenneth I. Sokolov

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY, GA

2012 MAY 21   PM 3: 49

RICHARD ALEXANDER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                         )
                                         )
          Plaintiff,                     )
                                         )
v.                                       )        CIVIL ACTION
                                         )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;                 )
DT ATLANTA III, LLC; REVELATOR           )
COMPANY, LLC; and ADRIAN                 )
JOHNSON,                                 )
                                         )
          Defendants.                    )

## ORDER

Upon consideration of the Consent Motion to Extend Discovery filed by the

parties in this case (except for Adrian Johnson and DT Atlanta III, LLC), and for

good cause shown,

IT IS HEREBY ORDERED that the period for discovery in this case be and

is extended through and including September 21, 2012.

SO ORDERED, this __21__ day of May, 2012.

Hon. Pamela D. South
Judge, State Court of Gwinnett County



IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                    )
                                    )
            Plaintiff,              )
                                    )
v.                                  )        CIVIL ACTION
                                    )        NO. 11C-08186-5
                                    )
VENTRON MANAGEMENT, LLC;            )
DT ATLANTA III, LLC; REVELATOR      )
COMPANY, LLC; and ADRIAN            )
JOHNSON,                            )
                                    )
            Defendants.             )

## STIPULATION EXTENDING TIME TO FILE
## RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

COME NOW plaintiff and defendants Ventron Management, LLC and

Revelator Company, LLC and hereby stipulate and agree that the deadline for these

defendants to file a response to plaintiff's motion to compel shall be, and is,

extended to and including May 30, 2012.

MARKS LAW GROUP, LLC

Aaron P. Marks
Georgia Bar No. 558116
(signed by Jacob E. Daly with the express
permission)

Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, GA 30030-4474
(404) 939-1485 (telephone)

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants
Ventron Management, LLC,
and Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00109067.DOC

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **STIPULATION EXTENDING TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

This 29th day of May, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)



IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                    )
                                    )
          Plaintiff,                )
                                    )
v.                                  )        CIVIL ACTION
                                    )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC,            )
et al.,                             )
                                    )
          Defendants.               )

## RESPONSE OF DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PLAINTIFF'S MOTION TO COMPEL

COME NOW defendants Ventron Management, LLC and Revelator Company, LLC and respond to plaintiff's motion to compel, showing the Court as follows:

## I.

## INTRODUCTION

The first sentence in plaintiff's brief shows that his motion is flawed and should be denied. That sentence says, "This is a premises liability case brought by Ricky Feliciano." A review of plaintiff's complaint proves this statement to be incorrect. The complaint includes claims for assault, battery, intentional infliction

of emotional distress, punitive damages, and attorney fees, but it does not include a premises liability claim under O.C.G.A. § 51-3-1. There is a good reason for that. This is not a premises liability case because the allegations are that defendants' courtesy officer, Adrian Johnson, attacked plaintiff without provocation and that defendants are vicariously liable for Johnson's alleged intentional torts. Plaintiff further alleges that defendants are directly liable for negligently training, supervising, and retaining Johnson. There is no allegation that plaintiff's injuries and damages were caused by a hazardous condition on the premises.

Broadly speaking, plaintiff is asking the Court to compel defendants to provide information and documents about prior crimes and security procedures. Although it is true that such information and documents may be relevant in a premises liability case based on third-party criminal conduct, there is no such claim in this case. As a result, such information and documents are not relevant in this case. Based on the claims actually asserted, the issues in this case are (1) whether Johnson assaulted, battered, and intentionally inflicted emotional distress on plaintiff; (2) whether Johnson's relationship with defendants and his conduct at the time of the incident makes defendants vicariously liable for Johnson's alleged intentional torts; and (3) whether defendants were negligent in training, supervising, and retaining Johnson. Information about prior crimes and security

procedures has no tendency to prove or disprove facts relating to these issues. O.C.G.A. § 24-2-1 ("Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly.   Irrelevant matter should be excluded.").

In sum, this is not a premises liability case, and so the discovery that is typically warranted in such cases is not warranted in this case.   There being no basis for the Court to compel discovery that is not relevant based on the claims actually asserted, the Court should deny plaintiff's motion and plaintiff's request for attorney fees.   And because plaintiff's motion was not substantially justified, the Court should award defendants their attorney fees incurred in responding to plaintiff's motion.

## II.

## ARGUMENT AND CITATION OF AUTHORITY

### A.   PLAINTIFF'S MOTION SHOULD BE DENIED

#### 1.   Plaintiff's Motion Does Not Comply With U.S.C.R. 6.4(A)

A party who files a motion to compel is required to include "the reasons assigned as supporting the motion." U.S.C.R. 6.4(A)(4). "Such objections and grounds shall be addressed to the specific interrogatory, request for admission, or request for production and may not be made generally." *Id.* Plaintiff's brief,

however, fails to comply with this requirement because he merely sets forth categories of information and documents that he is requesting without specifying the interrogatory and/or request for production that he is referring to.  Aside from the fact that this improperly shifts the burden to the Court and defendants to determine whether plaintiff's interrogatories and requests for production support his arguments, plaintiff's failure to comply with this requirement makes his motion confusing because his brief is inconsistent in how it explains what he is seeking. On pages 3 and 4 of plaintiff's brief, he lists five categories of information and documents that he is seeking, but on pages 5 and 6 he lists different categories. And then in the argument section of his brief, on pages 7 through 10, he includes only four categories of information and documents that he is seeking.  Further complicating matters is the fact that the information and documents requested in plaintiff's interrogatories and requests for production are different than what plaintiff's counsel said he was seeking in his e-mail correspondence to defendants' counsel and what plaintiff says he is seeking in his motion.  Because plaintiff's motion does not comply with U.S.C.R. 6.4(A)(4), the Court should deny it without even reaching the merits of plaintiff's arguments. *Russell v. Wickes Lumber*, 190 Ga. App. 16, 16, 378 S.E.2d 148, 150 (1989) (affirming the trial court's denial of a

motion to compel on the ground that it did not comply with the requirements set forth in Rule 6.4).

## 2.    Defendants Have Now Verified Their Interrogatory Responses

Plaintiff first notes that defendants' responses to interrogatories were not verified. While it is true that defendants did not provide a verification of their responses to interrogatories when they served their responses on February 8, 2012, a verification provided subsequent to service of the discovery responses is valid and does not constitute a failure to respond. *Kemp v. Rouse-Atlanta, Inc.*, 207 Ga. App. 876, 882, 429 S.E.2d 264, 269 (1993); *Rivers v. Goodson*, 184 Ga. App. 70, 73, 360 S.E.2d 740, 742-43 (1987). Defendants' representatives are in the process of executing verifications for their responses to interrogatories, and they anticipate providing the verifications within the next couple of days.[1]

## 3.    The Requested Information and Documents Are Not Relevant

As described above, it is difficult for defendants to understand what plaintiff is complaining about because his brief fails to identify the specific responses to interrogatories and requests for production that he contends are deficient.

---

[1]    Note that plaintiff also did not provide a verification of his responses to defendants' interrogatories when he served his responses on December 31, 2011. It took plaintiff almost four months to provide the verification, which he did via e-mail on April 25, 2012.

Moreover, his brief is internally inconsistent insofar as he includes three different lists of categories of information and documents that he wants.  Under U.S.C.R. 6.4(A)(4), plaintiff was required to list each specific response that he contends is deficient, which would have allowed the Court and defendants to determine which responses are being challenged in plaintiff's motion.  Instead, the Court and defendants must guess.  Because the categories of information and documents listed in the argument section of plaintiff's brief are the only ones that include any explanation as to why plaintiff is entitled to the requested information and documents, defendants will base their response on those categories.  Further, plaintiff's motion is limited by the specific responses to interrogatories and requests for production that he identified as deficient in his counsel's e-mail correspondence pursuant to U.S.C.R. 6.4(B).  Any responses that were not identified in that correspondence cannot be considered by the Court under U.S.C.R. 6.4(B).  However, if the Court determines that other categories of information and documents should be considered, or if plaintiff contends in a reply that the Court should consider such other categories, defendants request an opportunity to address those other categories in a supplemental brief or at a hearing.

### a.   Information and Documents Relating to Criminal Activity During the Two Years Before the Incident

The crux of the parties' dispute is whether defendants are required to provide information and documents relating to prior crimes on the premises.[2] Plaintiff argues that such information and documents are relevant in premises liability cases involving third-party criminal conduct, and defendants agree with that as a general proposition.  *See, e.g., Sturbridge Partners, Ltd. v. Walker*, 267 Ga. 785, 482 S.E.2d 339 (1997).  The problem with plaintiff's argument is that this is not such a case.  This is not a premises liability case, and nowhere in plaintiff's complaint does he allege that defendants violated O.C.G.A. § 51-3-1.  Plaintiff's substantive claims are for assault, battery, and intentional infliction of emotional distress, and evidence relating to prior crimes on the premises simply has no bearing on these claims.  All this case is about is (1) whether Johnson assaulted, battered, and intentionally inflicted emotional distress on plaintiff, and (2) whether defendants negligently trained, supervised, and retained him.  The existence of prior crimes on the premises does not have any tendency to prove or disprove these issues, with one exception.  Evidence of prior assaults, batteries, or similar

---

[2]   Plaintiff argues that he is entitled to information and documents relating to prior crimes on *all* property owned and/or managed by defendants, not just the property at issue in this case.  Because that is a patently absurd argument, defendants will not address it further in this brief.

incidents involving Johnson might be relevant, and that is exactly why defendants provided the requested information as it relates to Johnson.  As it relates to other tortfeasors, however, the requested information is irrelevant.

Defendants' ability to respond to plaintiff's argument is hindered by plaintiff's failure to identify the specific responses that he claims are deficient, as required by U.S.C.R. 6.4(A).  Of the responses that plaintiff's counsel identified as being deficient in his February 21 and 22, 2012 e-mails to defendants' counsel, the ones that appear to involve these issues are interrogatory no. 11 and request for production nos. 9, 10, and 13.   Interrogatory no. 11 is objectionable because security on the premises, and who may have been responsible for it, has nothing to do with whether Johnson attacked plaintiff and, if so, whether defendants are liable for Johnson's conduct.  Similarly, the identity of prior property managers and courtesy officers, which plaintiff's counsel requested in his February 21, 2012 e-mail to defendants' counsel, also has nothing to do with these issues.  Request nos. 9, 10, and 13 are objectionable for one or more of the following reasons:  (1) they request documents relating to "any" crimes rather than crimes that are similar to the incident; (2) they request documents relating to crimes that occurred *after* the incident; (3) they request documents relating to crimes that occurred on other properties; (4) they request documents that plaintiff could just as easily obtain from

public sources, such as the police department; and (5) they request documents that would be protected from disclosure by the attorney-client privilege and/or the work product doctrine.  In plaintiff's counsel's February 22, 2012 e-mail to defendants' counsel, he made no effort to narrow the scope of this request based on these objections.

b.    **Defendants' Security Procedures, Inspection Forms, and Log Books**

Plaintiff complains that defendants have "refused" to produce a manual containing security procedures or other similar documents.  Plaintiff apparently believes that defendants have and are withholding these documents, but they have no reason to believe this.

In response to plaintiff's interrogatory no. 23, which asked defendants to state whether there were any "security procedures" in place for the premises at the time of the incident, defendant indicated that the only documents they have that could be construed as "security procedures" are (1) a document listing the duties and responsibilities for the position of courtesy officer, and (2) the job description for the position of courtesy officer.  In subsequent correspondence between plaintiff's counsel and defendants' counsel about this response, defendants' counsel informed plaintiff's counsel that there is no policy manual that includes

security-related procedures.    Defendants have no other documents that are responsive to interrogatory no. 23.

The only requests for production that request documents in this category – and that were included in plaintiff's counsel's U.S.C.R. 6.4(B) correspondence – are nos. 2, 4, 9, and 13.  Request no. 2 asked for "all manuals, policies, company memorandums, or other procedures dealing with training and/or supervising, hiring, qualifying, and terminating the security guards of the subject premises during calendar year 2011."  In their response, defendants stated that they would produce the same documents identified in their response to interrogatory no. 23.  In addition, defendants subsequently agreed to produce a document listing community rules and regulations for the premises, even though they did not believe that document to be included within the scope of request no. 2.  When plaintiff's counsel wrote to defendants' counsel on February 22, 2012, he greatly expanded the scope of what is included in request no. 2.  As explained above in the introduction, this is not a premises liability case, and so the documents identified in plaintiff's counsel's U.S.C.R. 6.4(B) correspondence are not relevant.  In any event, request no. 2 itself defines the scope of what is being requested, not a subsequent e-mail.  Defendants have no obligation to produce documents requested in an e-mail.

Request no. 4 is very similar to request no. 2.  Request no. 4 asked for "all manuals, checklists, or procedures followed while training and/or supervising, hiring, qualifying, and terminating the security guards of the subject premises during calendar year 2011."  Defendants' response was identical to its response to request no. 2, and so the same considerations discussed above govern this response.  Moreover, defendants' counsel indicated in a March 7, 2012 e-mail to plaintiff's counsel that defendants did not have any responsive documents other than those identified in their response.  There is nothing more to produce.

Request no. 9 asked for "all documents relating to any crime for the subject premises during calendar year 2011."  The overbreadth of this request is obvious, and defendants objected to it primarily because such documents are not relevant to the claims actually asserted in the complaint.[3]  Again, this is not a premises liability case, and so prior crime that did not involve Johnson is by definition not relevant to this case.  And that is exactly why defendants' response stated that they have no responsive documents relating to previous crime involving Johnson.  Defendants are not trying to obstruct plaintiff's right to legitimate discovery, which is why this response (and several others) provided the requested information and/or

---

[3]   This request is also objectionable for the reasons discussed above in Part II.A.3.a.

documents insofar as they involved Johnson.  Defendants' response provides all the information that is relevant to this case.

Finally, request no. 13 asked for "all documents relating to any prior or subsequent accidents, incidents, assaults, burglaries, robberies, or violent crimes for the subject premises during calendar year 2011."  This is just a slightly more specific version of request no. 9, and so the same considerations discussed above apply to this request.  That is, the only relevant documents are those relating to prior crime involving Johnson.  Defendants' response stated that they have no responsive documents relating to previous crime involving Johnson, and so there is nothing further to be produced in response to this request.[4]

### c.   List of Employees and Tenants

Plaintiff argues that defendant should be compelled to provide a list of all employees who were on duty at the time of the incident and a list of all people who lived on the premises at the time of the incident.  Regarding a list of all employees who were on duty at the time of the incident, plaintiff has not asked defendants to provide such information.  Interrogatory no. 16 asked for the name of the property

----

[4]    In his February 22, 2012 e-mail to defendants' counsel, plaintiff's counsel took the absurd position that he is entitled to documents relating to crime on *all* property owned and/or managed by defendants.  Even if documents relating to prior crime at the property at issue in this case were relevant, documents relating to crime at other properties has no bearing on plaintiff's claims in this case.

manager who was on duty at the time of the incident, and defendants provided that information.  Interrogatory no. 17 asked defendants to identify any employees who witnessed the incident or have information about it, and defendants provided the requested information.   Interrogatory nos. 6 and 7 asked defendants to identify people who have personal knowledge relevant to this case and people who witnessed the incident, and defendants provided the requested information. Plaintiff's argument on this issue presents another example of him demanding information and documents in his motion and/or in his counsel's U.S.C.R. 6.4(B) correspondence that was not requested in his interrogatories and requests for production.  Because plaintiff did not request a list of all employees who were on duty at the time of the incident, defendants are not required to provide such information.  In any event, because the incident occurred during the evening hours on a Saturday,[5] there were no employees of defendants who were on duty at that time.

Regarding a list of all people who lived on the premises at the time of the incident, plaintiff never asked for such a list in his interrogatories or requests for

---

[5]    Plaintiff says in his motion and in the complaint that the incident occurred on April 29, 2011, which was a Friday, but the incident actually occurred during the evening hours on Saturday, April 30, 2011, as reflected in Ventron's incident report and in the police report.

production.   Instead, plaintiff's counsel demanded such a list in his February 22, 2012 e-mail to defendants' counsel because he claimed that such a list was included in request for production no. 18.   Request no. 18 asked defendant to produce "all documents that identify all persons (1) who were or who you believe were present at the scene of the incident when it occurred; (2) who witnessed or claim to have witnessed the incident; (3) who arrived at the scene of the incident immediately or shortly after it occurred; (4) who have discoverable information about the Defendants' assault on Plaintiff on the premises on April 29, 2011." Plainly, a list of all people who lived on the premises at the time of the incident is not included in this request, and defendants have no way of knowing whether any particular tenant has discoverable information about the incident (except for plaintiff's sister, Edith Caballeros, who plaintiff obviously knows about). Moreover, request no. 18 asked defendants to produce documents, and defendants indicated in their response that the only non-privileged document they have is Ventron's incident report.   Defendants do not have any other non-privileged documents, and so there is nothing for them to be compelled to produce.

Defendants agree that the names of people who have discoverable information are not privileged, but defendants are not withholding the names of any employees or tenants whom they know have information about the incident.

- 14 -

Defendants have identified the property manager for the premises at the time of the incident, but none of defendants' employees were present when the incident allegedly occurred, and so defendants do not know who else may have information about the incident.

### d.   Identity of People Who Investigated the Incident for Defendants

Plaintiff contends that he is entitled to know the names of all people with whom defendants' insurer, property manager, and other witnesses spoke "before the file got on Defense Counsel's desk." Defendants have already identified all people whom they believe have discoverable information, and the only non-privileged "statements" they have about the incident are (1) Ventron's report regarding the incident, which reflects statements made by Johnson and Michele Harris, the property manager, about the incident; (2) the police report, which reflects statements made by plaintiff about the incident; and (3) documents produced by plaintiff. Defendants provided this information to plaintiff in their response to request for production no. 15. There is nothing further that defendants can provide.

### 4.   Plaintiff Is Not Entitled to an Award of Attorney Fees

Even if the Court were to grant plaintiff's motion, an award of attorney fees would not be warranted under the circumstances of this case. The Civil Practice

Act provides that, if a motion to compel is granted, a court shall award reasonable expenses, including attorney fees, to the moving party "unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."   O.C.G.A. § 9-11-37(a)(4)(A).   Here, defendants' opposition to plaintiff's motion – even if the Court disagrees – is substantially justified because of the disconnect between the nature of plaintiff's claims and the information and documents requested.  Further, plaintiff's request for attorney fees is not warranted because he asks the Court to award $1,600 in attorney fees without providing any evidence of the amount or reasonableness of his fees.

## B.   DEFENDANTS ARE ENTITLED TO RECOVER THEIR ATTORNEY FEES

The Civil Practice Act provides that, if a motion to compel is denied, a court shall award such expenses to the non-moving party "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust."  O.C.G.A. § 9-11-37(a)(4)(B).  Because plaintiff is seeking information and documents that are obviously not relevant based on the nature of the claims asserted, plaintiff's motion is not substantially justified. Accordingly, the Court should award defendants their attorney fees incurred in

responding to plaintiff's motion.  If the Court grants this request, defendants will provide appropriate evidence of their attorney fees.

## III.

## CONCLUSION

For the foregoing reasons, defendants request that the Court (1) deny plaintiff's motion; (2) sanction plaintiff for filing his motion without substantial justification by awarding defendants their attorney fees incurred in responding to plaintiff's motion; and (3) award such other relief as it deems appropriate under the circumstances.

If the Court grants plaintiff's motion, defendants request that the Court (1) find that their opposition to plaintiff's motion was substantially justified, thereby making an award of attorney fees inappropriate; and (2) allow defendants 30 days from the date of the Court's order to serve supplemental responses to plaintiff's interrogatories and requests for production of documents.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants
Ventron Management, LLC
and Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00108974.DOC

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **RESPONSE OF DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PLAINTIFF'S MOTION TO COMPEL** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

This 29th day of May, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

12 JUN 13 PM 2: 19

RICHARD ALEXANDER, CLERK

RICKY FELICIANO, )
        Plaintiff, )
         )
         )    CIVIL ACTION
vs. )    FILE NO. 11-C-08186-S5
         )
VENTRON MANAGEMENT, LLC, )
REVELATOR COMPANY, LLC, and )
ADRIAN JOHNSON, )
        Defendants. )

## ORDER REGARDING MOTION TO COMPEL

THIS MATTER came before the Court on Plaintiff's Motion to Compel

Defendants Ventron Management, LLC and Revelator Company, LLC to Provide Full and

Complete Responses to Discovery and for Sanctions and Defendants' response to Plaintiff's

motion. Having considered the pleadings, all matters of record and the applicable and

controlling law, the Court finds that Plaintiff's motion must be amended for the Court to properly

resolve it and that certain discovery Plaintiff seeks is not relevant or reasonably calculated to lead

to the discovery of admissible evidence.

Having reviewed Plaintiff's complaint, the Court finds that Plaintiff's claims do

not include a premises liability claim involving third-party conduct. Therefore, discovery which

would otherwise be proper in a premises liability case (evidence of prior crimes on the premises,

for instance) is not proper in this case. Having made that general finding regarding discovery,

the Court is still unable to rule on Plaintiff's motion as that motion is presently cast. So, with the

above finding regarding the scope of permissible discovery in mind, and to assist the Court in

resolving the discovery issues raised by the pleadings, Plaintiff shall within thirty (30) days of

this Order amend his pleading to specifically address the requirements of U.S.C.R. 6.4(A)(1)

through (4) so that the Court, in turn, can specifically rule on each discovery issue.

      Neither Plaintiff nor Defendants shall recover attorney's fees.  Defendants shall

have thirty (30) days to respond to any amendment to his motion that Plaintiff may file.

      SO ORDERED this __17__ day of June, 2012.


PAMELA D. SOUTH, Judge
State Court of Gwinnett County

Copies:

Aaron P. Marks
Jacob E. Daly

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RICKY FELICIANO | ) ) ) ) ) | FILE COPY |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| vs. | ) ) | FILE NO.: 11C-08186-5 |
| VENTRON MANAGEMENT, LLC, | ) ) | |
| REVELATOR COMPANY, LLC, | ) ) | |
| and | ) ) | |
| ADRIAN JOHNSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S AMENDED COMPLAINT
## TO ADD NEGLIGENT SECURITY CLAIMS

COMES NOW the Plaintiff, RICKY FELICIANO, (hereinafter referred to as "Plaintiff") in the above-styled action, by and through undersigned counsel, and files this following Amended Complaint to Add Negligent Security Claims and shows the Court as follows:

At all times material herein, Defendants Ventron Management, LLC, and Revelator Company, LLC owned, operated, controlled and managed the apartment complex known as The Retreat at Arc Way, located 4025 Arc Way, Norcross, Georgia.

1.

Defendants Ventron Management, LLC, and Revelator Company, LLC hired Defendant Adrian Johnson to be a courtesy officer, whose duties included "Mak[ing] two rounds on foot within a 24 hour time span."  (Please see attached hereto ¶1 of Defendant Adrian Johnson's Duties and Responsibilities "A").

2.

On April 29, 2011, Ricky Feliciano was a guest and invitee of Defendants Ventron Management, LLC and Revelator Company, LLC.

3.

On April 29, 2011, Ricky Feliciano was assaulted by three unknown assailants.

4.

Defendants Ventron Management, LLC, and Revelator Company, LLC breached the duty owed to Ricky Feliciano by failing to exercise ordinary care to keep their premises safe pursuant to O.C.G.A. § 51-3-1.

5.

Defendants Ventron Management, LLC and Revelator Company, LLC had knowledge, both actual and constructive, of the need to properly maintain, secure, and manage said property but failed to exercise ordinary care.

6.

Defendants Ventron Management, LLC and Revelator Company, LLC had actual and constructive knowledge of criminal activity existing on their property prior to the attack on Plaintiff.  Said prior criminal activity was negligently permitted to exist and remain at said premises.

7.

2

Defendants Ventron Management, LLC and Revelator Company, LLC had actual and constructive knowledge of criminal activity existing at their property and in the neighborhood prior to the attack on Plaintiff, but negligently failed to warn Plaintiff.

8.

Defendants Ventron Management, LLC and Revelator Company, LLC negligently failed to warn their residents, guests, and invitees, including Ricky Feliciano, of the existence of the aforementioned criminal activity and the likelihood of further criminal attacks.

9.

Defendants Ventron Management, LLC and Revelator Company, LLC negligently failed to maintain adequate security, thereby causing an unreasonable risk of injury to their invitees, including Ricky Feliciano.

10.

Defendants Ventron Management, LLC and Revelator Company, LLC are liable for any negligence it or any of its employees committed in this case.

11.

At all times mentioned herein, Defendants Ventron Management, LLC and Revelator Company, LLC controlled the management of the property, and had the legal duty to keep the premises in a state consistent with the due regard for the safety of their invitees, including Ricky Feliciano. Defendants Ventron Management, LLC and Revelator Company, LLC breached said duties to Plaintiff and failed to act as similarly situated businesses would under like circumstances.

12.

Defendants Ventron Management, LLC and Revelator Company, LLC were negligent in

3

failing to hire adequate security to safeguard their invitees and guests after previous criminal activities on their premises.

13.

Defendants Ventron Management, LLC and Revelator Company, LLC knew of, or with the exercise of due care for the safety of their invitees, should have known of the dangerous and hazardous conditions existing on the premises at the time Plaintiff was injured.

14.

Defendants Ventron Management, LLC and Revelator Company, LLC knew, or with the exercise of due care for the safety of their invitees, should have known that they failed to hire proper and trained security to secure, and manage the premises in a safe manner, and that these conditions were likely to result in the injuries suffered by Plaintiff.

15.

Defendants Ventron Management, LLC and Revelator Company, LLC were and are negligent per se.

16.

Defendants Ventron Management, LLC and Revelator Company, LLC had actual knowledge of the dangerous and hazardous conditions existing at the premises due to the direct knowledge of their employees and agents.

17.

Defendants Ventron Management, LLC and Revelator Company, LLC had constructive knowledge of the dangerous and hazardous conditions existing on the premises through the knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding areas.

4

18.

Defendants Ventron Management, LLC and Revelator Company, LLC negligently failed to maintain an adequate policy, procedure or system of reporting and warning of the aforementioned criminal activity and negligently maintained property.

19.

Defendants Ventron Management, LLC and Revelator Company, LLC are liable for the serious injuries sustained by the Plaintiff.  Said injuries were done without necessity, privilege, or consent.

20.

Because Defendants Ventron Management, LLC and Revelator Company, LLC had knowledge of, or in the exercise of reasonable care should have had knowledge of the dangerous environment of said property, Defendants Ventron Management, LLC and Revelator Company, LLC are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees.  Said negligence was the proximate cause of the damages, and injuries to Plaintiff.

21.

Defendants Ventron Management, LLC and Revelator Company, LLC negligently represented to their invitees that the property at issue was properly maintained.

22.

Defendants Ventron Management, LLC and Revelator Company, LLC negligently failed to provide adequate security protection and security personnel.

23.

Defendants Ventron Management, LLC and Revelator Company, LLC negligently failed

to heed the warning of the possible threat of danger, and failed to take appropriate action to remedy or reduce the danger to their invitees, including Plaintiff.

24.

Defendants Ventron Management, LLC and Revelator Company, LLC's negligence was a cause in fact and a proximate cause of Plaintiff's injuries.

25.

After Plaintiff was injured, due to Defendants Ventron Management, LLC and Revelator Company, LLC's negligence, Plaintiff endured significant pain and suffering.

26.

The injuries sustained by Plaintiff are the direct and proximate result of the negligence of Defendants Ventron Management, LLC and Revelator Company, LLC.  But for said negligence, Plaintiff would not have suffered such serious injuries.  Defendants Ventron Management, LLC and Revelator Company, LLC are jointly and severally liable for Plaintiff's injuries sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.  Defendants Ventron Management, LLC and Revelator Company, LLC are liable to Plaintiff directly, as well as under theories of respondeat superior and agency principles.

27.

As a proximate and foreseeable result of the negligence of Defendants Ventron Management, LLC and Revelator Company, LLC, Plaintiff received serious injuries, endured pain and suffering, mental anguish, loss of the enjoyment of life, and suffered other damages as will be proven at trial and permitted under Georgia law.

28.

That each of the forgoing acts and omissions constitute an independent act of negligence

6

on the part of Defendants Ventron Management, LLC and Revelator Company, LLC and one or more or all of the above stated acts were the proximate causes of the injuries.

29.

Defendants Ventron Management, LLC and Revelator Company, LLC acted with willful misconduct, malice, fraud, oppression, wantonness and an entire want of care raising the presumption of conscience indifference to the consequences. Accordingly, Plaintiff is entitled to recover punitive damages from Defendants Ventron Management, LLC and Revelator Company, LLC in accordance with the enlightened conscience of an impartial jury.

30.

The conduct of the Defendants Ventron Management, LLC and Revelator Company, LLC amounts to a specific intent to cause harm so as to entitle Plaintiff to punitive damages without limitation or cap.

**WHEREFORE**, Plaintiff prays for a judgment to be awarded to him and against the Defendants for the following:

a) For medical and doctor expenses in an amount to be proven through the evidence at the time of trial for the past, present and future;

b) That punitive damages be imposed against the Defendants in an amount as a jury is certain will be sufficient to deter Defendants from repeating his wrong-doing;

c) For travel expenses for seeking medical treatment in an amount for the past, present, and future which will be proven at the time of trial through the evidence;

7

d) For pain and suffering, both for the past, present and future on behalf of Plaintiff;

e) For attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial;

f) For incidental and consequential damages and expenses associated with the Plaintiff's injuries and damages in an amount which will be proven at the time of trial;

g) That a jury be impaneled to resolve all issue, including compensatory damages and factual disputes; and

h) For all further losses and recovery as deemed proper by the Court.

PLAINTIFF DEMANDS A JURY TRIAL.

Respectively submitted this June 24, 2012.

MARKS LAW GROUP, LLC

AARON P. MARKS
State Bar of Georgia #558116

103 W. Dearborn Circle
Decatur, Georgia 30030-4474
(404) 939-1485
(404) 581-5902

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| RICKY FELICIANO | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| vs. | ) ) ) | FILE NO.: 11C-O8186-5 |
| VENTRON MANAGEMENT, LLC, | ) ) | |
| REVELATOR COMPANY, LLC, | ) ) | |
| and | ) ) | |
| ADRIAN JOHNSON, | ) ) ) ) ) | |
| Defendants. | ) | |

## RULE 5.2 CERTIFICATE OF SERVICE

In compliance with applicable Rule 5.2 of the Uniform Superior and State Court rules, I

hereby certify that I have this day, served opposing counsel with in foregoing matter with a copy

of **PLAINTIFF'S AMENDED COMPLAINT TO ADD NEGLIGENT SECURITY**

**CLAIMS** by depositing a copy of same in the United States Mail, postage prepaid and properly

addressed as follows:

> Jacob E. Daly
> Sun S. Choy
> FREEMAN MATHIS & GARY, LLP
> 100 Galleria Parkway
> Suite 1600
> Atlanta, GA 30339-5948

9

Respectively submitted this June 21, 2012.

MARKS LAW GROUP, LLC

AARON P. MARKS
State Bar of Georgia #558116

103 W. Dearborn Circle
Decatur, Georgia 30030-4474
(404) 939-1485
(404) 581-5902

10



## Duties & Responsibilities

- Make two rounds on foot within a 24 hour time span (alternate times unless specified i.e. when distributing notices and tenant updates)
- Make daily contact with management via face to face, phone, text or e-mail

- Guard shack will be manned only on weekends for at least two hours throughout the weekend (times may alternate)
- Rove Log/Daily Activity Report(DAR) will be documented everyday
- Monthly Activity Report(MAR) will be presented at the night watch meetings once a month or when held
- After hour contacts should be made via company phone (optional)
- Any incident that requires an arrest or involvement in an investigation of a serious nature will be reported to the property manager.
- Vacation schedule will be provided at least 1 week in advance. (coverage will be provided by management and/or officer)
- Officer will analyze crime trends within the property on an ongoing basis and submit observations and recommendations to Property Manager. (Suggestions will be based on significant incident reports and recommendations will be made on the MAR)
- All updated and revised schedules of staff events and night watch meetings should be provided to the security officer 72 hours in advance to guarantee attendance.

DATE 1/31/11

EMPLOYEE NAME   ADRIAN JOHNSON

SIGNATURE   _Adrian Johnson_   DATE 1/31/11

SUPERVISORS SIGNATURE   DATE



**Courtesy Officer**

The purpose of this job description is to communicate the responsibilities and duties associated with the position of COURTESY OFFICER. While the following information should be considered a comprehensive description of this position, it should also be noted that some responsibilities and duties may not be specifically addressed. Every person is expected to perform any reasonable task or request that is consistent with fulfilling company objectives.

It is imperative that you review these duties, skills and physical requirements closely and that you understand that by signing the Courtesy Officer agreement, you are verifying that you can perform all the duties, have the skills and possess the physical abilities that are necessary to perform the job as described.

Courtesy Officers are generally law enforcement officers whose jurisdiction includes the area in which the property is located.  **Courtesy Officers are prohibited from carrying firearms (or other deadly weapons) except to the extent that the Courtesy Officer is also a law enforcement officer who is required as a function of their primary employment by the city, state or federal government to carry firearms while off duty.**  Courtesy Officers are not intended to function as a security force, however, the presence and visibility of a uniformed police officer and his/her patrol vehicle, very often act as a deterrent to would-be law breakers.

**DUTIES AND RESPONSIBILITIES**

- Carrying a beeper and being on call after business hours for any disturbances or safety related calls.

- Walking the property nightly (sometimes in uniform).  Putting a report in the night mail slot on a nightly basis regarding any lights out on the property, inoperable fire extinguishers, life safety issues, calls received and other incidents (this report will be signed, dated and the time of the walk noted).

- Locking up the fitness/laundry/clubhouse/pool areas on a nightly basis and checking the security of the leasing office.

- Responding to lock outs as necessary.

- Attending as many property sponsored social functions as possible.

- Passing out letters, notices, etc. when requested.

Updated 3/25/2010

- Assisting the Property Manager in handling any resident problems when requested.

- Tagging card with expired tags. parking violations, etc.

- Notifying the Property Manager of planned absences or shift changes.

- Meeting with the Property Manager at least weekly.

- Maintaining a courteous, visible presence among the resident population.

    Other (explain) _____
    _____

## Qualifications

    Position with local/state law enforcement agency, certified security officer with background required, or Security Company with background required.

## Work Hours:

    *As designated by the Property Manager.*

## Equipment/Machinery/Tools:

    An employee in this position must carry a pager and/or cell phone.

## Physical Requirements

- Constant need to be on feet.

- Have constant need to perform the following physical activities:

    Bend/Stoop/Squat/Kneel
    Climb Stairs            .
    Reach Above Shoulder            Perform routine tasks.
                                    Emergency if required.
    Climb Ladders                   Perform routine maintenance/repairs.
    Grasp/Grip/Turning              Handle keys turn door knobs.
    Finger Dexterity                Handle keys.

- Constant need to perform the following physical activities:

    Writing                         Prepare required reports.

    Vision Requirements

- Frequent need.  Constant need to see small detail and observe activity.

- Constant need to see things clearly beyond arm's reaches.

**Hearing Requirements**

- Constant need to communicate with staff and residents.

**Speaking Requirements**

- Constant need to verbally communicate with staff and residents.

**Driving/Traveling Requirements**

- Frequent need to utilize personal transportation to drive through the property.

- **Must have valid driver's license and automobile insurance coverage.**

**Working Environment**

- Frequently outdoors, all conditions, often for extended periods.

**Reasoning Development**

- HIGH. Must be able to apply principles of logical thinking to define problems, collect pertinent data, establish facts, draw valid conclusions and initiate appropriate course of action. Must effectively convey ideas, images and goals to a diverse group of personalities.

**JOB DESCRIPTION ACKNOWLEDGEMENT:**

I have read this job description, understand it, and am able to perform the essential functions and meet the job requirements of the position. In addition, I have had the opportunity to discuss the job description with my supervisor.

Employee Name: _ADRIAN JOHNSON_    Date: _1/31/11_

Employee Signature: _Adrian Johnson_    Date: _1/31/11_

Supervisors Signature: _____    Date: _1/31/11_

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

|  |  |
|---|---|
| RICKY FELICIANO | ) |
|  | ) |
|  | ) |
| Plaintiff, | ) CIVIL ACTION |
|  | ) |
| vs. | ) FILE NO.: 11C-O8186-5 |
|  | ) |
| VENTRON MANAGEMENT, LLC, | ) |
|  | ) |
| REVELATOR COMPANY, LLC, | ) |
|  | ) |
| and | ) |
|  | ) |
| ADRIAN JOHNSON, | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

FILE COPY

**PLAINTIFF'S WITHDRAWL OF HIS MOTION TO COMPEL DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY AND FOR SANCTIONS**

COME NOW, the Plaintiff, by and through his Counsel of Record, and files this

Withdrawal of Motion to Compel the Defendants, Ventron Management, LLC and

Revelator Company, LLC, to provide full and complete responses to Plaintiff's

Discovery.  In support of this Motion, Plaintiff relies on all pleadings of record and the

information and belief that Defendants' counsel will Amend Defendants' Discovery

Responses to conform with Plaintiff's Amended Complaint to Add Negligent Security

Claims.

WHEREFORE, Counsel for the Plaintiffs respectfully request that Plaintiff's

Motion to Compel be WITHDRAWN.

This the 25 day of June, 2012.

MARKS LAW GROUP, LLC

_____
Aaron P. Marks
Georgia Bar No. 558116
Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, Georgia 30030
Telephone: (404) 939-1485
Facsimile: (404) 581-5902

## IN THE STATE COURT OF GWINNETT COUNTY

## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| RICKY FELICIANO | ) ) ) ) ) |  |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| vs. | ) ) ) | FILE NO.: 11C-O8186-5 |
| VENTRON MANAGEMENT, LLC, | ) ) |  |
| REVELATOR COMPANY, LLC, | ) ) |  |
| and | ) ) |  |
| ADRIAN JOHNSON, | ) ) ) ) ) |  |
| Defendants. | ) |  |

## RULE 5.2 CERTIFICATE OF SERVICE

In compliance with applicable Rule 5.2 of the Uniform Superior and State Court rules, I hereby certify that I have this day, served the Defendants in the foregoing matter with a copy of **PLAINTIFF'S WITHDRAWL OF HIS MOTION TO COMPEL DEFENDANTS VENTRON MANAGEMENT, LLC AND REVELATOR COMPANY, LLC TO PROVIDE FULL AND COMPLETE RESPONSES TO DISCOVERY AND FOR SANCTIONS** upon Defendants by depositing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

Jacob E. Daly

Sun S. Choy
FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948


This the 25 day of June, 2012.


                                        MARKS LAW GROUP, LLC



                                        _____
                                        Aaron P. Marks
                                        Georgia Bar No. 558116
                                        Attorney for Plaintiff

103 W. Dearborn Circle
Decatur, Georgia 30030
Telephone: (404) 939-1485
Facsimile:  (404) 581-5902

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RICKY FELICIANO,                           )
                                           )
            Plaintiff,                     )
                                           )
v.                                         )        CIVIL ACTION
                                           )        NO. 11C-08186-5
VENTRON MANAGEMENT, LLC;                   )
DT ATLANTA III, LLC; REVELATOR             )
COMPANY, LLC; and ADRIAN                   )
JOHNSON,                                   )
                                           )
            Defendants.                    )

## NOTICE OF FILING NOTICE OF REMOVAL

COME NOW defendants Ventron Management, LLC and Revelator Company, LLC and, pursuant to 28 U.S.C. §§ 1441 and 1446, file this notice of filing notice of removal within the time prescribed by law, showing the Court as follows:

1.

In compliance with 28 U.S.C. § 1446(d), you are hereby notified of the filing of a notice of removal in this action with the United States District Court for the Northern District of Georgia, Atlanta Division.

2.

Attached as Exhibit A is a copy of the notice of removal that will be filed in the United States District Court for the Northern District of Georgia, Atlanta Division.

FREEMAN MATHIS & GARY, LLP

Sun S. Choy
Georgia Bar No. 025148
Jacob E. Daly
Georgia Bar No. 203723

Attorneys for Defendants
Ventron Management, LLC
and Revelator Company, LLC

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)
L:\DOCS\365\44886\00133438.DOC

- 2 -

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing **NOTICE OF FILING NOTICE OF REMOVAL** by depositing a copy of same in the United States Mail, postage pre-paid, addressed to the following:

Aaron P. Marks, Esq.
MARKS LAW GROUP, LLC
103 W. Dearborn Circle
Decatur, GA 30030-4474

This 5th day of September, 2012.

Jacob E. Daly
Georgia Bar No. 203723

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339-5948
(770) 818-0000 (telephone)
(770) 937-9960 (facsimile)